QUESTIONS: 1. Is the Lee Memorial Hospital, a county public hospital which renders charitable services to indigents of at least 10 percent of the total hospital services, required to collect sales taxes on food sold in the hospital cafeteria and drugs sold in the hospital pharmacy? 2. Is the hospital auxiliary, a nonprofit corporation, required to pay sales taxes on its sales of gifts and supplies in the hospital gift shop?
SUMMARY: Sales of food in a cafeteria operated by a public county hospital that are not sales to patients or inmates as part of the hospital room charges are subject to the state sales tax because they are sales of tangible personal property not exempted by s.212.08, F.S. Sales of drugs by a public hospital in the hospital pharmacy that are pursuant to prescription by a licensed medical practitioner and are medicines compounded by a licensed pharmacist, as well as common household remedies for pain, including drugs for medicinal treatment, listed and approved by the Division of Health, are exempt from the sales tax pursuant to s. 212.08(2) and Rule 12A-1.20, F.A.C. Sales of gifts and supplies in a hospital gift shop by a public county hospital or by a nonprofit hospital auxiliary organization are subject to the state sales tax because they are sales of tangible personal property not exempted by s. 212.08(7)(a). You have further noted in your letter that the profits of such sales are devoted to the hospital and its patients. Your first question is answered as discussed below. Your second question is answered in the affirmative. The Lee Memorial Hospital, pursuant to Ch. 63-1552, Laws of Florida, is established as a county owned and operated public hospital. As to its sales, s. 212.05, F.S., levies the sales tax on sales of all tangible personal property and provides in pertinent part: It is hereby declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of selling tangible personal property at retail in this state, . . . . For the exercise of said privilege a tax is levied. . . and shall be due . . . as follows: (1) At the rate of four percent of the sales price of each item or article of tangible personal property when sold at retail in this state; . . . . Section212.02(1), F.S., defines "person" to include any political subdivision. Specifically, as to the sale of food, s. 212.08(1), F.S., exempts from the aforesaid tax provided in s. 212.05, supra, the sale of general groceries or foods and drinks for human consumption but provides that the exemption shall not mean:
(a) Foods and drinks served, prepared, or sold in or by restaurants, drugstores, lunch counters, cafeterias, hotels, or other like places of business . . . . * * * * * (d) Foods cooked and prepared on the seller's premises and sold ready for immediate consumption either on or off the premises. (Emphasis supplied.) Therefore, the sales of food by the hospital cafeteria would be subject to the sales tax. See also Rule 12A-1.01(13), Florida Administrative Code; and cf. s. 212.08(7)(d), F.S., which exempts sales of meals to patients and inmates of hospitals, and Rule 12A1. 01(14), F.A.C. exempting sales of meals to patients and inmates as a part of the hospital room charges. Foods exempted from the sales tax are only those sold generally for table and household use. Green v. Stuckey's of Fanning Springs, 99 So.2d 867 (Fla. 1957). The fact that the hospital is a county facility would not exempt it from collecting and remitting the sales tax, Rule 12A-1.69(1), F.A.C. Rather, only sales made to a county or political subdivision are exempt. Section 212.08(6), F.S. The sale of drugs by the hospital pharmacy stands on a different footing. Section 212.08(2), F.S., provides in pertinent part as follows: There shall be exempt from the tax imposed by this chapter medicine compounded in a retail establishment by a pharmacist licensed by the state according to an individual prescription or prescriptions written by a practitioner of the healing arts licensed by the state, and common household remedies . . . sold for the relief of pain, ailments, distress or disorders of the human body, according to a list prescribed and approved by the division of health of the department of health and rehabilitative services, . . . . This subsection shall be strictly construed and enforced. (Emphasis supplied.) Thus, if the drugs sold by the hospital pharmacy are ordered by prescription of a licensed medical practitioner and are medicines compounded by a licensed pharmacist, or if the drugs sold are common household remedies as described above, then such sales by the hospital pharmacy are exempt from the sales tax. See also Rule 12A1. 20(1), (2), and (5), F.A.C., to like effect and which lists the exempt remedies as including drugs for medicinal treatment. As to the sale of gifts and supplies by the hospital auxiliary, s.212.05, supra, levies the sales tax on said items. Section212.08(7)(a), F.S., grants an exemption from the sales tax for articles of tangible personal property sold to nonprofit charitable institutions and used by such institutions in carrying on their customary charitable activites. There is no such exemption for tangible personal property sold by such charitable institutions. See also Rule 12A-1.01(4)(a), F.A.C., which states: "Tangible personal property sold or leased by all these [charitable] institutions, except churches is taxable." (Emphasis supplied.) Therefore, even if the Lee Memorial Hospital or Hospital Auxiliary is a charitable institution within the meaning of s. 212.08(7)(c)3., F.S., nevertheless, its sales of gifts and supplies are fully subject to the sales tax. The fact that the profits of the sales of drugs, food, gifts, and supplies may be used for charitable hospital or patient purposes is not controlling for purposes of the Florida sales tax law regarding sales by the hospital or its hospital auxiliary. The sales tax is not a tax against individuals or property but is an excise tax on the privilege of engaging in business or selling tangible personal property. Gaulden v. Kirk, 47 So.2d 567, 574 (Fla. 1950), and Richard Bertram Co. v. Green, 132 So.2d 24, 25 (3 D.C.A. Fla., 1961), cert. denied, 135 So.2d 743 (Fla. 1961), appeal dismissed,136 So.2d 343 (Fla. 1961). Pursuant to s. 212.05, supra, and s.212.08(10), F.S., it is imposed on all such transactions unless "expressly exempted herein." Your second question is accordingly answered in the affirmative.