Wallace W. Henderson Secretary Department of Administration Tallahassee
QUESTION:
Is the Division of State Planning required to charge and collect from all recipients a reasonable charge for costs of preparation and mailing of its biweekly list of all notices of applications for developments of regional impact pursuant to s. 380.06(9), F. S.?
SUMMARY:
Each and every `person,' as defined in s. 380.031(12), F. S., including governmental agencies, to whom a list of notices of applications for developments of regional impact filed with the Division of State Planning is malied by the division must pay a reasonable charge as required by s. 380.06(9), F. S., to cover costs of preparation and mailing. The division has no statutory authority to furnish such lists by mail to any person without charging and collecting the reasonable charge required by s.380.06(9).
As part of its responsibilities regarding `developments of regional impact' under Ch. 380, F. S., `The Florida Environmental Land and Water Management Act of 1972,' the Division of State Planning of the Department of Administration has been given the following duty by s. 380.06(9), F. S.:
 The state land planning agency shall print biweekly, and mail to any person upon payment of a reasonable charge to cover costs of preparation and mailing, a list of all notices of applications for developments of regional impact that have been filed with the state land planning agency. (Emphasis supplied.)
You stated that your request was prompted by the Auditor General's questioning of the practice of `providing free subscriptions [to the lists in question] to members of the Cabinet, the State's regional planning councils, numerous other State agencies and the news media.'
In considering the above-quoted requirements it is essential to note that, while the state land planning agency (the division) is required to `point biweekly . . . a list of all notices of application . . .,' the prescribed `reasonable charge' payment is required only from those persons to whom the list is mailed. The division is not authorized to exact the charge from any person other than one to whom the list is furnished by and through the mails or postal system. The requirement now appearing in s.380.06(9), F. S., was first enacted by Ch. 72-317, Laws of Florida. Part of the title of Ch. 72-317 supports the conclusion that the Legislature was concerned with the furnishing of the lists in question by mail when it imposed the `reasonable charge' requirement. The title describes the act as `providing for the mailing by the state land planning agency of a weekly list of development proposals having regional impact.' (As first enacted, the act provided for weekly printing and mailing of the lists. That provision was subsequently amended to provide for biweekly printing and mailing.) While the title of an act is not an operative part of the basic act, it does serve the function of defining the scope of the act and providing notice thereof. Finn v. Finn, 312 So.2d 726, 730 (Fla. 1975); County of Hillsborough v. Price, 149 So.2d 912, 914 (2 D.C.A. Fla. 1963).
As used in and for the purposes of Ch. 380 F. S., `[p]erson' is defined by s. 380.031(12), F. S., to mean `an individual, corporation, governmental agency, business trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal entity.' (Emphasis supplied.) `Governmental agency' is defined in s. 380.031(5), F. S., to mean:
 (a) The United States or any department, commission, agency, or other instrumentality thereof;
 (b) This state or any department, commission, agency, or other instrumentality thereof;
 (c) Any local government, as defined in this chapter, or any department, commission, agency, or other instrumentality thereof;
 (d) Any school board or other special district, authority, or other governmental entity.
`When a statute contains a definition of a word or phrase that meaning must be ascribed to the word or phrase whenever repeated in the same statute unless a contrary intent clearly appears.' Vocelle v. Knight Brothers Paper Company, 118 So.2d 664, 667 (1 D.C.A. Fla., 1960). Accord: Richard Bertram Co. v. Green,132 So.2d 24, 26 (3 D.C.A. Fla., 1961). No such contrary legislative intent is made evident in the context of s. 380.06, F. S., or any other section of Ch. 380, F. S. Thus, the statutory definitions set forth above control the operative meaning and terms of s.380.06(9), F. S. Accordingly, all persons enumerated in s.380.031(12), F. S., including all governmental agencies and instrumentalities listed in s. 380.031(5), F. S., to whom the `list of all notices of applications for developments of regional impact that have been filed with the state land planning agency [Division of State Planning]' is mailed by the division are required to pay to the division the prescribed charge to cover the costs of `preparation and mailing' of the lists in question.
The division is without express or implied statutory authority to mail such lists at the expense of the state or at the division's own expense to any individual, corporation, association, firm, group, or legal entity whatsoever. Administrative bodies created by statute have only those powers granted by statute and should not undertake to exercise any power or perform any function if there is doubt as to the existence of express or necessarily implied statutory authority. Edgerton v. International Company,89 So.2d 488 (Fla. 1956); City of Cape Coral v. GAC Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973); Williams v. Florida Real Estate Commission, 232 So.2d 239 (4 D.C.A. Fla., 1970); State exrel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628
(1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974).
I am of the opinion, therefore, that the Division of State Planning must charge and collect from every `person' (as that term is defined in s. 380.031(12), F. S., including governmental agencies as defined in s. 380.031(5), F. S.) to whom is mailed a copy of the list of notices of applications for developments of regional impact a `reasonable charge to cover costs of preparation and mailing,' pursuant to s. 380.06(9), F. S.
Prepared by: Jerald S. Price, Assistant Attorney General