James T. Humphrey Lee County Attorney Fort Myers
QUESTIONS:
1. May the Governor delegate to a board of county commissioners acting as the local disaster agency the power conferred upon him by s. 252.36(5)(d), F. S., which is the power to commandeer or utilize any private property, if necessary, to cope with a disaster emergency?
2. Does a board of county commissioners acting as the local disaster agency, with a director appointed pursuant to s. 252.38, have exclusive jurisdiction over the entire county, to include the municipalities, should a disaster emergency be declared, pursuant to s. 252.36(2), F. S.?
SUMMARY:
The Governor is authorized by statute to delegate by executive order or proclamation to political subdivisions (including counties and municipalities) such powers under the State Disaster Preparedness Act of 1974 `as he may deem prudent.' While both counties and municipalities may exercise powers granted or delegated under the act to `political subdivisions,' only counties are authorized to establish local disaster preparedness agencies pursuant to s. 252.38, F. S., with jurisdiction and powers under Ch. 252, F. S., throughout and over the entire county, including incorporated areas.
AS TO QUESTION 1:
Section 252.36, F. S., sets forth powers and duties of the Governor in regard to implementation of the State Disaster Preparedness Act of 1974 (Ch. 252, F. S.). Subsection (5)(d) of s.252.36 provides that the Governor may, `[s]ubject to any applicable requirements for compensation under s. 252.43, commandeer or utilize any private property if he finds this necessary to cope with the disaster emergency.' (Emphasis supplied.) Although s. 252.36(5)(d) is clearly directed to the Governor, various other provisions in Ch. 252 evidence legislative intent that the emergency powers provided in Ch. 252 should be available to local disaster agencies, including s. 252.43(3), F. S., which provides:
 Compensation for property shall be owed only if the property was commandeered or otherwise used in coping with a disaster emergency and its use or destruction was ordered by the Governor or a member of the disaster emergency forces of this state. (Emphasis supplied.)
 In s. 252.32, F. S., the Legislature set forth the policy and purpose of the act, and specifically stated its intention `[t]o confer upon the Governor, the Division of Disaster Preparedness, and the governing body of each political subdivision of the state the emergency powers provided herein.' (Emphasis supplied.) Section 252.32(1)(d), F. S. The term `political subdivision' is defined in s. 252.34(2), F. S., as including `any county or municipality created pursuant to law' See also s. 1.01(9), F. S.
 In addition, there are two provisions of Ch. 252 in which delegation by the Governor is specifically authorized or directed. Section 252.36(8), F. S., provides:
 The Governor shall delegate emergency responsibilities to the officers and agencies of the state and of the political subdivisions thereof prior to a disaster or threat of a disaster and shall utilize the services and facilities of existing officers and agencies of the state and of the political subdivisions thereof . . . . (Emphasis supplied.)
It should be noted in regard to s. 252.36(8), supra, that the duty to delegate imposed on the Governor is qualified by the requirement that such delegation be effected prior to any disaster or threat of a disaster. Also, such delegation must be by executive order or proclamation, as provided for in s. 252.36(2), F. S., and the particular authority given in s. 252.36(5)(d),supra, would have to be expressly set forth in the executive order or proclamation.
The other provisions of Ch. 252 relating specifically to delegation by the Governor is s. 252.35(1), F. S., providing in pertinent part that `[t]he governor is authorized to delegate such powers as he may deem prudent.' See also s. 252.35(2)(n), F. S., authorizing the Division of Disaster Preparedness to `delegate authority vested in it under ss. 252.31-252.52 and to provide for the subdelegation of authority.'
Hence, it seems clear that the Legislature intended that counties and municipalities should be able to exercise emergency powers and duties under Ch. 252. And, it is also clear that the Legislature has provided express authorization for the delegation of duties and authority by the Governor, including the authority granted by s. 252.36(5)(d), F. S. However, the interpretation of any such power or duty of the Governor, or of any statutory provision authorizing delegation by the Governor, is a matter to be initially determined by the Governor. The delegation of any specific power or duty of the Governor under Ch. 252 will depend on the Governor's decision that such delegation would be `prudent.' Section 252.35(1), F. S. It would be inappropriate for this office to comment further (particularly to comment hypothetically) on such a power of the Governor, absent a request from him that we do so.
AS TO QUESTION 2:
While various provisions of Ch. 252 refer simply to `political subdivisions' (defined in Ch. 252, F. S., to include municipalities along with counties), s. 252.38, F. S., authorizing the creation of local disaster preparedness agencies, appears to contemplate the creation only of a countywide agency (or multicounty agency) whose director would have charge of all operations within a particular county or counties (including municipalities). Section 252.38(2), F. S., provides in pertinent part:
 . . . each county within this state shall be within the jurisdiction of, and served by, the division. Except as otherwise provided in this act each local disaster agency shall have jurisdiction over and serve an entire county. The board of county commissioners of each county of the state, or the legally constituted governing body of any combined county-city government, is hereby authorized and directed to establish and maintain such a local disaster preparedness agency in accordance with, and in support of, the state civil defense plan and program. (Emphasis supplied.)
The above provision applies by its terms not to `political subdivisions,' but only to counties (except in cases of consolidated city-county governments). It authorizes boards of county commissioners to establish local disaster agencies, and unequivocally gives such agencies `jurisdiction over . . . an entire county.' Cf. s. 252.38(3), F. S., providing for appointment of a director for each local disaster agency, which refers to appointment `by the board of county commissioners of the county or the governing body of a city or town, as appropriate.' (This reference to appointment by a `city or town' governing body `as appropriate,' when read in pari materia with s. 252.38(2), supra, appears to evidence legislative intent that the director be appointed by the governing body of a city or town only in cases where there is a `combined county-city government,' although the act's inconsistencies prevent an unequivocal interpretation of this provision.) Section 252.38(3) goes on to provide that `[t]he local director [of the county disaster agency] shall coordinate the activities, services, and programs for civil defense withinhis county and shall maintain liaison with other local organizations for civil defense . . . .' (Emphasis supplied.) Thus, notwithstanding the unclear language, such as that in s.252.38(3), above, it appears that the act contemplates the existence of no more than one local disaster preparedness agency (or director thereof) for each county of the state. (Note that counties may be joined in a single agency. Section 252.38(7), F. S.)
This conclusion may be reinforced, and some of the ambiguity and inconsistency of language explained, by reference to the provisions of the state disaster law as it appeared prior to the revision which produced the State Disaster Preparedness Act of 1974. Former s. 252.09, F. S. 1973, authorized boards of county commissioners, s. 252.09(1)(a), F. S. 1973, and municipal governing bodies, s. 252.09(1)(b), F. S. 1973, to create and establish a `local organization for civil defense.' (Under those provisions, counties were authorized and directed to establish the organizations, while municipalities were merely authorized to do so. See AGO 071-234.) Each such `local organization' was then authorized to have its own director, s. 252.09(2), F. S. 1973, and to fully exercise within the particular political subdivision (county or municipality) civil defense functions. Section 252.09(3), F. S. 1973. And — as opposed to the current s.252.38(2), F. S., which gives the director of the county disaster agency (appointed by the county commissioners pursuant to s.252.38(3), F. S.) the authority to `have jurisdiction over' civil defense activities within the entire county and to `coordinate' such activities within the entire county — former s. 252.09(2),supra, provided that the director of a `civil defense organization' (municipal or county) had `direct responsibility for the organization, administration, and operation of such local organization subject only to the direction and control of thegoverning body of the political subdivision [county or municipality] concerned.' (Emphasis supplied.)
I would also note that ambiguities arising from the current definition of `political subdivision' in Ch. 252 may be the result of the Legislature's having simply carried forward definitions from the 1973 version of Ch. 252 without restating them to conform to the overall direction of the 1974 act. Not only does the present act define `political subdivision' as including municipalities, but there still appears, in s. 252.34(3), F. S., a definition of `[l]ocal organization for civil defense' (the term used in the 1973 version of Ch. 252) even though the term adopted and used throughout the 1974 act and the current Ch. 252 is `local disaster preparedness agency' or `local disaster agency.' Other than in the definition inexplicably (and perhaps unintentionally) carried over from the 1973 version of Ch. 252, the term `local organization for civil defense' is no longer used in Ch. 252.
Therefore, I am of the opinion that, when the Legislature enacted the State Disaster Preparedness Act of 1974, it intended to provide jurisdiction under Ch. 252, F. S., only for county
disaster agencies, and accordingly intended to remove authorityunder Ch. 252 for the creation of municipal disaster or civil defense agencies or organizations (with directors subject only to the control of the municipal governing bodies), and to substitute for that old system one wherein the county disaster agency has jurisdiction over and coordinates the activities in question throughout the entire county, including incorporated areas.
However, this is not to say that municipalities, as `political subdivision' under the act, cannot be delegated certain powers under Ch. 252 by the Governor (pursuant to s. 252.36(8), F. S.), or by the Division of Disaster Preparedness (pursuant to s. 352.35(2)(n), F. S.), subject, though, to the county disaster agency's statutory responsibility under s. 252.38(2) and (3),supra, to `have jurisdiction over,' to `serve,' and to `coordinate' civil defense activities, services, and programs within the entire county. Except for the creation of a local disaster preparedness agency and appointment of a director of a local disaster preparedness agency under s. 252.38, F. S., counties and municipalities are both classified as `political subdivisions' under the definition provided in s. 252.34(2), F. S. (`any county or municipality created pursuant to law'). `When a statute contains a definition of a word or phrase that meaning must be ascribed to the word or phrase whenever repeated in the same statute unless a contrary intent clearly appears.' Vocelle v. Knight Brothers Paper Company, 118 So.2d 664, 667 (1 D.C.A. Fla., 1960). Accord: Richard Bertram Co. v. Green, 132 So.2d 24, 26 (3 D.C.A. Fla., 1961).
The questions you have presented are answered accordingly. Any further questions regarding this act should be directed to the Division of Disaster Preparedness or to the office of the Governor.
Prepared by: Jerald S. Price, Assistant Attorney General