Mr. Frank A. Howard, Jr. School Board Attorney Dade County Public Schools Administrative Office Lindsey Hopkins Building 1410 Northeast Second Avenue Miami, Florida 33132
Dear Mr. Howard:
This is in response to your request for an opinion on the following question:
 WHETHER A SCHOOL BOARD MAY EXPEND PUBLIC FUNDS FOR PREEMPLOYMENT PHYSICAL EXAMINATIONS OF PERSONS SELECTED FOR EMPLOYMENT AS SCHOOL CUSTODIANS, TRADES PERSONS AND OTHERS WHOSE EMPLOYMENT DUTIES REQUIRE PHYSICAL EXERTION?
You state that the question arises from the employment and personnel assignment practices of the Dade County School system in regard to the selection process for prospective employees. According to your letter an applicant is administratively screened and, if selected for employment, is provided a physical examination. If the applicant is not rejected by reason of the physical examination, then such person is given an employment assignment which is commensurate with the results of the examination. The cost of the physical examination is assumed by the school board. The Auditor General has questioned the board's legal authority to pay for these physical examinations for the prospective employees in question from school funds, and you therefore seek an opinion of this office. The district school system is established on a county basis with each county constituting a school district and known as the school district of that county. See, s 230.01, F.S. This section goes on to provide that the operation and administration of the schools within the district ` in conformity with regulations and minimum standards prescribed by the state, and also the responsibility for the provision of any desirable and practicable opportunities authorized by law beyond those required by the state, are delegated by law to the school officials of the respective districts.' (e.s.)
In supplemental materials supplied to this office, it is contended that s 230.03(2), F.S., vests the school board with so-called `home rule' power to authorize the expenditure of public funds for these particular preemployment physical examinations. In 1978, the Legislature amended s 230.03(2), F.S., to provide that district school boards `may exercise any power for educational purposes
except as otherwise provided by the State Constitution or law.' (e.s.) Chapter 78-86, Laws of Florida. The phrase `educational purposes' was expressly defined and limited for purposes of s 230.03, F.S., to mean `any activity or power exercised in the establishment and maintenance of courses, classes, institutions, and services adequate to meet the educational needsof all citizens of the district.' (e.s.) The scope of this amended statutory provision has not been judicially determined. In fact, my research has not revealed a single judicial decision interpreting this provision since its enactment. The general rule in construing a statute is that when a statute contains a definition of a word or phrase, that meaning must be ascribed to that word or phrase whenever repeated in the statute unless a contrary intent is clearly expressed. See, Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla. 1957); Richard Bertram Co. v. Green, 132 So.2d 24 (3 D.C.A. Fla., 1961); Vocelle v. Knight Brothers Paper Co., 118 So.2d 664 (1 D.C.A. Fla., 1960). Thus, I must conclude that in providing a statutory definition of `educational purposes' the Legislature intended to confine the exercise of the school board's authority to matters relating to `the establishment and maintenance of courses, classes, institutions, and services' (e.s.) in order to meet the educational needs of the district's citizens. No mention, express or implied, is made of authority to freely exercise governmental powers over district personnel matters in the absence of statutory authorization. In the absence of judicial construction to the contrary, I am unable to say that this statute grants district school boards the authority to expend school funds for the preemployment physical examinations in question. See also, AGO 080-42 which stated, among other things, that this office could not conclude that s 230.03(2), F.S., `per se encompasses the adoption of rules regarding the selection of the chairman of the school board or limitations on consecutive terms a person may serve as chairman of the board.'
Moreover, s 236.29, F.S., in pertinent part, provides: `The district school fund shall be apportioned, expended and disbursed . . . as prescribed by law' (e.s.) See also, ss 236.13 and 236.24(1), F.S., setting forth the sources of the district school fund. And s 237.02(3), F.S., provides: ` Expenditures from district and all other funds available for the public school program of any district shall be authorized by law . . . .' (e.s.) I find no provision in the Florida School Code expressly authorizing a district school board to expend district school funds to defray the costs of preemployment physical examinations of persons selected for employment as school custodians, trades persons or others whose employment duties require physical exertion.
You also posit that the expenditure of school funds for the preemployment physical examinations in question is within the implied powers of the school board as being necessary and proper to provide uniform physical examination standards. You go on to state that these implied powers are derived from s 4, Art. IX, State Const., and ss 230.01, 230.03(2), 230.22(5), and 230.23(5), F.S. I have examined the terms of s 230.03(2), F.S., above and found that this statute does not grant the school boards the authority to expend school funds for the preemployment physical examinations in question. Section 230.01, F.S., provides for the operation of the schools within the district to be in conformity with regulations and minimum standards prescribed by the state and allows for the provision of any desirable and practicable opportunity authorized by law. Subsection (5) of s 230.22, F.S., provides that `[t]he school board may perform those duties and exercise those responsibilities which are assigned to it by law or by regulations of the state board and, in addition thereto, those which it may find to be necessary for the improvement of the district school system in carrying out the purposes and objectives of the School Code.' (e.s.) Subsection (5) of s 230.23, F.S., in pertinent part, empowers the school board to `[d]esignate positions to be filled, prescribe qualifications for those positions, and provide for the appointment, compensation, promotion, suspension, and dismissal of employees . . .' and paragraph (c) of that subsection authorizes the school board to `[a]dopt a salary schedule or salary schedules to be used as a basis for paying all school employees . . . .' Generally, the term `salary' signifies a fixed compensation paid for services rendered. See, 67 C.J.S. Officers s 224; cf., s 216.011(1)(n), F.S. The expenditure of school funds to pay the costs of the preemployment physical examinations in question does not appear to be necessary or indispensable to carry out the expressly granted authority or functions prescribed in ss 230.01, 230.03(2), 230.22(5) and 230.23(5), F.S. Cf., AGO 073-374 which stated that the power to borrow money is not necessary or indispensable to carry out the functions of purchasing land, and will not be implied from the power of a special taxing district to acquire property. The doctrine of implied powers is properly applied only in situations in which the Legislature has placed an affirmative duty or responsibility on an administrative agency or public official and certain action must be undertaken by necessary implication in order to effectuate the purpose of the statute. While an expressed power duly conferred may include implied authority to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred. See, Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936); AGO's 078-101, 076-191. Implied authority cannot exist in the absence of some express grant of authority or the express imposition of a duty. Cf., Bailey v. Van Pelt, 82 So. 789 (Fla. 1919). I find no evidence in the statutes that the expenditure of school funds for the preemployment physical examinations in question is necessary or indispensable for the fulfillment of any affirmative duty or responsibility placed on the school board by the Florida School Code. The financial burden for these particular physical examinations, in the absence of authorizing legislation, is properly on prospective employees.
As noted above, ss 236.29 and 237.02(3), F.S., operate to require any expenditure from district school funds to be `as prescribed by law' or `authorized by law'. In summary some express statutory authorization must exist before funds may be lawfully expended or disbursed. On several occasions this office has stated that district school boards, while constitutionally created, have no inherent powers but possess only such powers as the Legislature has conferred on them. See, e.g., AGO's 080-73, 080-42, 076-154, 076-63, and 075-148 which concluded that the powers of school boards are limited by law and that the extent of their powers may be enlarged or limited only by the Legislature. See also, Board of Public Instruction v. State ex rel. Allen, 219 So.2d 430 (Fla. 1969); Buck v. McLean, 115 So.2d 764 (1 D.C.A. Fla., 1959); and 78 C.J.S. Schools and School Districts ss 270 and 277 (1952). Thus, in the instant circumstances and state of the statutes, a district school board may not exercise a substantive power in the absence of a statutory provision conferring such power on the board.
There is no statute or law, that my research has revealed and none has been brought to my attention, which expressly authorizes a district school board to expend school funds for the preemployment physical examinations in question. This office has consistently ruled that express or necessarily implied statutory authority must exist before public funds may be used to pay additional compensation, or benefits in any form, over and above the prescribed salary to public officers and employees. Compare, AGO 080-73 which concluded that no salary payments may be made to the personnel of a school district before the services for which such compensation is being received have been rendered; AGO 078-12 which opined that since no statute or rule of the State Board of Education expressly authorized a community college district board of trustees to pay for the cost of employees' voluntary physical examinations, such payments are unauthorized and should not be made; and AGO 071-28 which stated, among other things, that to perform any function for the state or to expend any moneys for the state, the public officer seeking to perform such function or to incur such obligation must point to a constitutional or statutory provision authorizing him to do so.
It is therefore my opinion that, unless and until judicially declared otherwise, in the absence of express or necessarily implied statutory authorization, a district school board may not lawfully expend school funds for preemployment physical examinations for prospective employees such as school custodians, trades persons or others whose duties will require physical exertion.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General