Mr. J. T. Frankenberger City Attorney City of Gainesville 313 E. University Avenue Post Office Box 490 Gainesville, Florida 32602
Dear Mr. Frankenberger:
This is in response to your request for an opinion on the following questions:
 1. MAY AN INDEPENDENT SPECIAL DISTRICT BE CREATED PURSUANT TO s 125.01(5), F.S.?
 2. MAY THE LEGISLATURE PURSUANT TO s 165.041, F.S., OR THE COUNTY PURSUANT TO s 125.01(5), F.S., CREATE A DEPENDENT DISTRICT WHICH HAS THE AUTHORITY TO LEVY AD VALOREM TAXES WHICH, IF APPROVED BY REFERENDUM, WOULD NOT BE INCLUDED WITHIN THE MILLAGE LIMITATIONS ESTABLISHED IN s 200.071, F.S.?
You state that Alachua County and the City of Gainesville are currently discussing various methods to provide library services to area residents and that a question has arisen as to whether a special district millage rate would be considered to be part of the 10-mill limitation established in s 200.071, F.S.
Initially it must be noted that this office cannot comment upon the powers of the Legislature or the validity of its enactments (or future actions) at the request of a municipality. Accordingly, I must decline to opine upon that portion of your inquiry which relates to the powers of the state Legislature. However, as it appears from your inquiry that the issues set forth in your letter have been raised by both the city and the county, this office will address that part of your inquiry relating to the creation of a special district by a county pursuant to s 125.01(5).
QUESTION ONE
Section 125.01(5)(a), F.S., authorizes the governing body of a county, to the extent not inconsistent with general or special law, to establish, and subsequently merge or abolish those created thereunder, special districts to include both incorporated and unincorporated areas subject to the approval of the governing body of the incorporated area affected, within which may be provided municipal services and facilities from funds derived from service charges, special assessments or taxes within the district. See, s125.01(5)(c) stating that it is the intent of the Legislature that a special district created under this subsection shall include both unincorporated and incorporated areas of a county and that such special district may not be used to provide services in the unincorporated areas only. Section 125.01(5)(b) provides that the governing body of such district shall be composed of the county commissioners and may include elected officials of the governing body of any municipality included within the boundaries of the special district with the basis of apportionment set forth in the ordinance creating said district. Section 125.01(5), however, is silent as to the nature of the special districts created thereunder. Therefore you inquire as to whether an independent special district may be created pursuant to s 125.01(5).
While Ch. 125, F.S., does not define the terms "independent special district" and "dependent special district," said terms are defined in s 200.001(8)(d) and (e), which respectively provide:
 (d) "Dependent special district" means a special district the governing head of which is the governing body of the county or municipality, ex officio or otherwise, or the budget of which is established by such local government authority. Dependent special district millage, when added to the millage of the governing body to which it is dependent, shall not exceed the maximum millage applicable to such governing body.
 (e) "Independent special district" means a special district the governing head of which is an independent body, either appointed or elected, and the budget of which is established independently of the local governing authority, even though there may be appropriation of funds generally available to a local governing authority involved. Independent special district millage shall not be levied in excess of a millage amount authorized by general law and approved by vote of the electors pursuant to s. 9(b), Art. VII of the State Constitution, except for those independent special districts levying millage for water management purposes as provided in that section. However, independent special district millage authorized as of the date the 1968 State Constitution became effective need not be so approved, pursuant to s. 2, Art. XII of the State Constitution. (e.s.)
And see, s 200.001(8)(c) defining "special district."
The foregoing definitions of dependent and independent special districts are incorporated into Ch. 165, F.S., the Formation of Local Governments Act. See, s 165.031(5), F.S., defining "special district" and providing that this term includes dependent special districts, as defined in s 200.001(8)(d), and independent special districts, as defined in s 200.001(8)(e), and that all provisions of s 200.001(8)(d) and (e) shall be considered provisions of Ch. 165. And see, s 165.041(2), F.S., which states in pertinent part that "[a] charter for creation of a dependent special district shall be adopted only . . . by ordinance of a county . . . governing body having jurisdiction over the area affected. Authorization for creation of an independent special district shall be provided by general law." Under the foregoing definitions, if the governing body of a special district is the governing body of the county or municipality or if the district's budget is established by such local government authority, the district will be considered to be a dependent special district; only a special district whose governing head is an independent body and whose budget is established independently of the local governing authority will be considered to be an independent special district.
Pursuant to s 125.01(5)(b), F.S., the governing body of the special district established thereunder shall be composed of the county commissioners (although it may include elected officials of the governing body of a municipality included within the district boundaries). Compare, s 125.01(5)(b), F.S. 1979, which provided that the governing body of such special district may be composed of representatives of both county government and the government of such participating municipalities; the statute was amended by s 1, Ch. 80-407, Laws of Florida, to include the mandatory shall found in the current statute. Furthermore, s 125.01(5) contains no provision for the independent establishment of the special district's budget, and instead states that the millage to be levied by the special district is to be designated in the ordinance creating the district or amendment thereto. In light of the above, I am of the opinion that an independent special district may not be created pursuant to s 125.01(5).
QUESTION TWO
You also inquire as to whether a county pursuant to s 125.01(5), F.S., may create a dependent special district which has the authority to levy ad valorem taxes which, if approved by referendum, would not be included within the county's millage for purposes of s 200.071, F.S. See, s 165.041(2), providing that dependent special districts may be created by county ordinance. And see, s 200.001(8)(d), supra, defining "dependent special district" and which, pursuant to s 165.031(5), is incorporated into Ch. 165. As this office noted in AGO 84-23, a special district, however created, is not by that fact alone a special taxing district; rather special districts are constitutionally authorized to levy ad valorem taxes and other types of taxes only if authorized to do so by law. See, ss 1(a) and 9(a), Art. VII, State Const. Section 125.01(5)(c) provides that it is the intent of the Legislature that the statute is authorization for a special district established thereunder by the county to levy any millage designated in the ordinance creating such district or amendment thereto, approved by vote of the electors under the authority of the first sentence of s 9(b), Art. VII, State Const.
Section 200.071(1), F.S., provides that except as otherwise provided therein no ad valorem tax millage shall be levied against real property and tangible personal property in excess of 10 mills except for voted levies. Subsection (2) of s 200.071 states that in the event that the sum of the proposed millage for the county and dependent districts therein is more than the maximum allowable thereunder, the board of county commissioners shall reduce the millage to be levied for county officers, departments, divisions, commissions, authorities and dependent special districts so as not to exceed the maximum millage under s 200.071 or s 200.091. And see, s 200.001(8)(d), supra, defining "dependent special district" and providing in pertinent part that "[d]ependent special district millage, when added to the millage of the governing body to which it is dependent, shall not exceed the maximum millage applicable to such governing body." Cf., s 200.001(8)(g), F.S. See also, AGO 71-331, which concluded that s 200.071(1) treats county and districts therein as one entity for the purpose of tax limitation.
A question is raised in the memorandum accompanying your letter as to whether the exception contained in the millage cap in s200.071(1) for "voted levies" means that an ordinance creating a dependent special district which provides that the millage is in addition to the 10-mill limitation and which is approved in a referendum is permissible. See, s 200.071(1), stating except as otherwise provided therein, no ad valorem tax millage shall be levied against real property and tangible personal property by counties in excess of 10 mills, except for voted levies. It is assumed for purposes of the question raised in the memorandum that the county is presently at the 10-mill cap.
The term "voted levies" is expressly defined in s 200.001(8)(f), F.S., to mean ad valorem taxes in excess of maximum millage amounts authorized by law approved for periods not longer than 2 years by vote of the electors pursuant to s 9(b), Art. VII, State Const., or ad valorem taxes levied for purposes provided in s 12, Art. VII, State Const.; voted millage does not, however, include levies approved by voter referendum not required by general law or the State Constitution. See, s 9(b), Art. VII, State Const., providing in part that ad valorem taxes, "exclusive of taxes levied for the payment of bonds and taxes levied for periods not longer than two years when authorized by vote of the electors . . ., shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills . . . and for all other special districts a millage authorized by law approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation." (e.s.) And see, s 12, Art. VII, State Const.
Accordingly, it does not appear that an ordinance establishing a dependent special district and setting forth its millage and which is approved in a referendum falls within the exception to the millage cap in s 200.071(1) for voted levies as that term is defined in s 200.001(8)(f). Cf., Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla. 1957); Vocelle v. Knight Bros. Paper Co., 118 So.2d 666 (1 D.C.A.Fla., 1960); Richard Bertram Co. v. Green, 132 So.2d 24 (3 D.C.A.Fla., 1961), to the effect that a statutory definition of a word is controlling unless a contrary intent clearly appears. Nor is the exception in s 200.071(3), which authorizes a county which through a municipal service taxing unit covering a specific area of the county not within the boundaries of any municipality provides services or facilities commonly provided by municipality to levy an additional ad valorem tax millage not in excess of 10 mills to pay for such services or facilities, applicable to dependent special districts created pursuant to s 125.01(5). See, s 125.01(5)(a) which provides that special districts established thereunder include both incorporated and unincorporated areas of the county. And see, AGO 71-207 (in order for special taxing district to qualify for the levy of additional millage under s 200.071, one of the requirements which must be met is that the special taxing district must be limited only to the unincorporated areas of the county).
Therefore based upon the foregoing, I am of the opinion that the millage of a dependent special district created by a county by ordinance pursuant to s 125.01, F.S., would be included within the millage limitations established in s 200.071, F.S. Section200.091, F.S., however, provides a limited exception to the millage cap set forth in s 200.071 and to the extent provided therein authorizes the increase of the millage authorized to be levied in s 200.071 for county purposes. See, s 200.091 which states:
 The millage authorized to be levied in s. 200.071 for county purposes, including dependent districts therein, may be increased for periods not exceeding 2 years, provided such levy has been approved by majority vote of the qualified electors in the county or district voting in an election called for such purpose. Such an election may be called by the governing body of any such county or district on its own motion and shall be called upon submission of a petition specifying the amount of millage sought to be levied and the purpose for which the proceeds will be expended and containing the signatures of at least 10 percent of the persons qualified to vote in such election, signed within 60 days prior to the date the petition is filed.
In summary, therefore, I am of the opinion that an independent special district may not be created pursuant to s 125.01(5), and that the millage of any dependent special district established pursuant to s 125.01 must be included within the millage limitations established in s 200.071 except as provided in s200.091.
Sincerely,
Jim Smith Attorney General
Prepared by:
Edwin A. Bayo Assistant Attorney General