510 So.2d 1241 (1987)
Martha C. RAMOS and Ruben Ramos, Appellants,
v.
Julius JACKSON, Appellee.
No. 86-2951.
District Court of Appeal of Florida, Third District.
August 18, 1987.
Walton, Lantaff, Schroeder & Carson and Luis S. Konski, West Palm Beach, for appellants.
Beasley, Olle & Downs and Pamela A. Chamberlin, Miami, for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
PER CURIAM.
The trial court held that pursuant to Section 631.011(10),[1] Florida Statutes (1985), Ch. 631, Florida Statutes (1985), the "Insurers Rehabilitation and Liquidation Act" governs foreign insolvent insurers with insureds in this state, and that once an election to seek relief under section 631.193,[2] Florida Statutes (1985) is made the insured is released, and furthermore that such election may not be withdrawn. We find no error and affirm. See and compare Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla. 1957); Richard Bertram & Co. v. Green, 132 So.2d 24 (Fla. 3d DCA 1961); Matthews v. G.S.P. Corporation, 354 So.2d 1243 (Fla. 1st DCA 1978). We do not find that such a provision amounts to a denial to access to the courts pursuant to Article I, Section 21 of the Florida Constitution *1242 (1968) as the injured party has a right to either seek relief against alleged tortfeasors or waive same and seek relief from the receiver of the insolvent insurer. Compare Acton v. Fort Lauderdale Hospital, 440 So.2d 1282 (Fla. 1983); Lasky v. State Farm Insurance Company, 296 So.2d 9 (Fla. 1974); Mahoney v. Sears, Roebuck & Company, 419 So.2d 754 (Fla. 1st DCA 1982). Therefore, the final summary judgment under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] Section 631.011 Florida Statutes (1985)

(10) "Insurer," in addition to persons to defined under s. 624.03, also includes persons purporting to be insurers or organizing, or holding themselves out as organizing, in this state for the purpose of becoming insurers and all insurers who have insureds resident in this state. (Emphasis added.)
[2] 631.193 Releases

The filing of a claim constitutes a release of the insured from liability to the claimant to the extent of the coverage or policy limits provided by the insolvent insurer. The release is conditioned upon the cooperation on the insured with the receiver and the Florida Insurance Guaranty Association and any other guaranty association in defense of the claim. This release does not operate to discharge the Florida Insurance Guaranty Association or any other guaranty association from any of its responsibilities and duties set out in this chapter.