M. Diane KOKEN, Insurance Commissioner of the Commonwealth of Pennsylvania, Petitioner

v.

RELIANCE INSURANCE COMPANY, Defendant

In Re: Mawson and Mawson

v.

Richard Ruhl

Commonwealth Court of Pennsylvania.

Decided Dec. 16, 2003.
Publication Ordered Jan. 26, 2004.

Anthony Vidovich, Philadelphia, for liquidator.

John B. Dempsey, Philadelphia, for Mawson & Mawson.

Joseph F. Orso, III, Philadelphia, for R. Ruhl.

OPINION BY COLINS, President Judge.

This matter captioned *Mawson and Mawson v. Richard Ruhl*, presents in the liquidation of Reliance Insurance Company as an action seeking clarification of the proof of claim process. The focus is on the filing of a proof of claim, and as so frequently occurs, that single act, has given rise to a plethora of issues. What constitutes the filing of a proof of claim must be determined, followed by, whether there are circumstances under which a proof of claim can be withdrawn; concomitantly, regardless of whether the question is answered in the negative or the positive, whether upon receipt by the Liquidator of a proof of claim, the third party release provisions encompassed in the proof of claim are forever vested in the insured.

Thus, the dispositive issue, a question of law, is whether a proof of claim once received by the Liquidator, can be withdrawn.

A primer on the immediate proceedings is necessary. On June 30, 1997, a truck owned by Mawson and Mawson (Mawson) collided with an automobile driven by Richard Ruhl (Ruhl). It is undisputed that at the time of the accident, Mawson had $1 million in primary insurance coverage through Reliance Insurance Company. Further, Mawson maintained $10 million in excess insurance coverage. As a result of injuries sustained in the 1997 accident, on August 24, 1998 Ruhl commenced a civil action against Mawson in the Court of Common Pleas of Lackawanna County. Upon receipt of Ruhl's complaint, it was determined that coverage existed under a Reliance Insurance policy, and counsel was retained to defend the action.

Nearly three years later, by order[1] of this Court dated May 29, 2001, the Insurance Commissioner of the Commonwealth of Pennsylvania was appointed Rehabilitator of Reliance Insurance Company (Reliance) pursuant to Article V of the Pennsylvania Insurance Department Act, 40 P.S. § 221.1–231 (Article V). Effectively, the order placed all assets of Reliance under the control of the Commissioner and the Commonwealth Court. On October 3, 2001, the rehabilitation was ended, and Reliance was placed into liquidation and pursuant to Article V, the Commissioner was appointed Liquidator (Liquidator).

While the tort action was pending in common pleas court, Ruhl received a proof of claim packet from the offices of the Liquidator. That packet contains information relating to the liquidation proceedings and directs that "If you believe you have a

1. The Commonwealth Court of Pennsylvania has exclusive original jurisdiction over insurance company insolvencies where the insurance company is a domestic company licensed in the Commonwealth of Pennsylvania. 40 P.S. § 221.4(d).

claim against Reliance you must file a proof of claim with the Statutory Liquidator using the enclosed proof of claim form. Even if you have a claim already pending with Reliance you must file a proof of claim ." (See Exhibit A appended to the Petition of Mawson and Mawson.) The proof of claim (POC) also states that

> You are a third party claimant if you have a claim against a Reliance insured, which may be covered by the insured's insurance policy. You may either file a claim with the Statutory Liquidator or pursue legal action against the insured to attempt to recover your claim. If you choose to file a claim with the Liqui-dator, filing of this claim shall operate as a release of the insured's liability to you on that cause of action *in the amount of applicable policy* limits. If coverage is avoided by the Liquidator, this release becomes null and void.

(See Exhibit B appended to the Petition of Mawson and Mawson). Ruhl filed an incomplete POC on January 25, 2002.[2] The Liquidator stamped the POC received January 29, 2002. No stay of the common pleas court action was sought by Mawson, and there is evidence of record indicating that discovery continued on the action pending in common pleas court. (See letter of December 10, 2002 from counsel for Richard Ruhl to counsel for Mawson.) During this time, the Pennsylvania Property and Casualty Insurance Guaranty Association (Guaranty Association) was notified that a POC had been filed, and the claim was transferred to the Guaranty Association. On November 14, 2002, the Guaranty Association[3] notified Mawson that it had received the claim and advised Mawson to obtain counsel to protect Mawson's

personal assets, as the difference between the statutory policy limits ($300,000) and the monies sought was $700,000. Mawson did so and current counsel of record contacted Reliance.

On December 6, 2002, Reliance advised Mawson that Ruhl had filed a proof of claim. Additionally, Reliance brought to Mawson's attention Section 221.40 of the Insurance Act (third party claims provision), which states:

> (a) Whenever any third party asserts a cause of action against an insured of an insurer in liquidation the third party may file a claim with the liquidator. The filing of the claim shall operate as a release of the insured's liability to the third party on that cause of action in the amount of the applicable policy limit, but the liquidator shall also insert in any form used for the filing of third party claims appropriate language to constitute such a release. The release shall be null and void if the insurance coverage is avoided by the liquidator.

(See Exhibit E appended to the Petition of Mawson and Mawson).

Subsequently, Ruhl became aware that Mawson was seeking to invoke the third party claims provision and on December 9, 2002 sought to withdraw the POC previously filed. On December 10, 2002, Ruhl notified Mawson of a deposition to be taken in the common pleas court action. On December 13, 2002 the Liquidator informed Ruhl that the POC was designated as "inactive," and he was further advised on the third party claims provision set forth in 40 P.S. § 221.40(a).

---

2. It is undisputed that missing from the POC was Richard Ruhl's social security number.

3. On January 24, 2003 a the jury in the common pleas action returned a verdict in favor of Ruhl in the amount of $367,000. The Guaranty Association tendered its limit of $300,000 less statutory offsets. Ruhl actually received $80,000.

■ On February 19, 2002, Mawson filed in Commonwealth Court a document captioned "Petition to Enforce Proof of Claim, or in the alternative a Petition to Intervene for the Purposes of Seeking a Declaration of its Statutory and Contractual Rights as a Released Party Under a Third–Party Proof of Claim" (petition to enforce proof of claim) in response, Ruhl filed preliminary objections.[4] By separate orders dated February 14, 2003, this Court dismissed both the petition to enforce proof of claim and the preliminary objections filed in response thereto. On February 24, 2003, Mawson filed a petition for reconsideration of that dismissal or, in the alternative, a petition to intervene for the purpose of seeking a declaration of its statutory and contractual rights under a third party proof of claim. By order dated April 17, 2003, reconsideration was granted, the previous order was withdrawn, intervention was granted, and the Court directed Ruhl, Mawson, and the Liquidator to file briefs addressing the issue of

> Whether a third party claimant may withdraw a proof of claim submitted to the Liquidator, where no action upon the proof of claim has taken place, and, if so, what constitutes a withdrawal of a proof of claim, and what effect, if any, does the withdrawal of a proof of claim have on the release of an insured's liability to the third party on the cause of action forming the basis of the proof of claim in the amount of the applicable policy limit, as provided for in 40 P.S. Section 221.4(a).

(July 17, 2003 Order of Commonwealth Court.) Ruhl, Mawson, and the Liquidator filed briefs; Mawson filed a motion for judgment on the pleadings to which

Ruhl filed no response. Beyond the paper filings, no evidence was presented to this Court. The matter has proceeded on the paper filings of counsel and the argument of counsel presented to the Court on October 28, 2003 and transcribed on the same date.

■ Mawson argues that the clear language of the statute precludes Ruhl from withdrawing the proof of claim and the attendant release. The Liquidator mirrors that position, and draws the Court's attention to the National Association of Insurance Commissioners Model Act and the *Ramos v. Jackson,* 510 So.2d 1241 (Fl.App. 1987), holding that a proof of claim, once filed, is irrevocable and cannot be withdrawn.

Ruhl argues simply that there is nothing at law precluding the withdrawal of a proof of claim and that therefore, he should be permitted to do so. He relies on general principles of contract law to support this position. The Court declines to impose the strict principles governing contract law into this analysis because the core elements of a contract are absent. The Court also rejects the position advanced by the Liquidator and supported by Mawson that in all instances once filed a POC is irrevocable, *i.e.,* it cannot be withdrawn. Such a harsh result does not reflect the statute. Furthermore, this Court is not inclined to adopt such a draconian position particularly in the context of an insurance liquidation where the harshest results fall not upon the executives and owners of the insolvent insurance company, but rather, fall equally upon the insured and the injured. There being no case law on point

---

4. The petition to enforce a proof of claim is filed pursuant to Pa. R.C.P. No. 206.1. Preliminary objections are not an appropriate responsive filing in petition practice; thus, the Court has converted the preliminary objections to an Answer and New Matter. See

Pa. R.C.P. No. 206.2. Moreover, the Court shall treat the motion for judgment on the pleadings filed on behalf of Mawson and Mawson as an additional responsive pleading; as such, a motion is not permissible in petition practice.

and no statutory authority on point, the Court has turned to the Rules of Procedure for guidance.

Matters filed in the original jurisdiction of an appellate court are governed first by the Appellate Rules and second by the Civil Rules. Pa. R.A.P. No. 106. It is the "type of filing" that determines which rules are to be followed. Herein, the filing in question is the POC.

■ A petition is a written application made to a court, or addressed to some governmental authority *ex parte,* praying for the exercise of some action laid before it, or seeking the grant of a privilege, or license. See Black's Law Dictionary 6th ed. (1990). A petition, is in contradistinction from a complaint, in that a complaint is the pleading that initiates an action and sets forth a claim for relief. See Pa. R.C.P. No. 1007. A POC is a form document prepared by the Liquidator. It is used by the Liquidator to capture critical information needed to process a claim in the liquidation proceeding. One who files a POC is essentially a creditor seeking payment of monies due from the Liquidator, as conservator of the Reliance Insurance Company estate. The POC does not give a person a right to judicial relief, that is, it does not give a party a right to institute judicial proceedings. Accordingly, a POC is akin to a petition.

■ In petition practice, a petition is filed once received by the office of the Prothonotary. Pa. R.C.P. No. 205.1. A response in the form of an Answer and New Matter may be filed. See Pa.R.C.P. No. 205.2. A discontinuance may be granted where, in the discretion of the Court, an unjust disadvantage will not accrue to the party opposing the discontinuance, Pa. R.C.P. No. 229; *see Fancsali, et al. v. University Health Center of Pittsburgh, et al.,* 563 Pa. 439, 761 A.2d 1159 (2000). A discontinuance should be granted on cause

shown. The causes for granting the discontinuance are addressed to the court's discretion, and usually involve some unjust disadvantage to an interested party to the litigation. In the context of insurance liquidation, an unjust disadvantage will accrue where the rule operates as a mechanism that permits unjust settlement of a claim. *See generally, Id.; Estate of Murray by York Bank and Trust Co. v. Love,* 411 Pa.Super. 618, 602 A.2d 366 (1992); *Wilson v. Bensalem Township School District,* 27 Pa.Cmwlth. 609, 367 A.2d 397 (1976).

■ Likewise, a POC once received by the Liquidator at the office so designated is deemed filed. See Pa. R.C.P. No. 205.1. The POC may be withdrawn on cause shown. See Pa. R.C.P. No. 229. The question then narrows to whether permitting Ruhl to withdraw his proof of claim operates as an unjust disadvantage to Mawson. The Court concludes that it does not.

It was 1998 when Richard Ruhl filed his lawsuit against Mawson. At that time, Mawson disclosed Reliance as its primary insurance company, but did not disclose the existence of excess insurance. As the trial date neared, the excess coverage information remained undetected by Ruhl, and Mawson's insurance coverage was not an issue. However, in 2001, while no trial had begun, Reliance was placed into liquidation, and Ruhl, the third party insured, was notified that if he believed he had a claim against Reliance then he should file a POC. Without knowledge of excess insurance coverage, Ruhl filed the proof of claim. Subsequently, two nearly contemporaneous events occurred, Ruhl learned of the excess insurance coverage and Mawson invoked the third party claims provision contained in the POC. Upon receipt of that information, Ruhl immediately sought

to withdraw the POC. The Liquidator did not inform Ruhl that the matter had been sent to the Guaranty Association, and informed Ruhl that "no further action" would be taken. Based on these facts, the Court concludes Ruhl should be permitted to withdraw the POC. To deny withdrawal is to deny Ruhl the opportunity to seek recovery from the excess insurance carrier for the injuries he sustained. That denial works a disadvantage to Ruhl, and yet does not disadvantage Mawson since its interests are otherwise insured.

Based on all the circumstances before us, the Court concludes that a POC once filed may be withdrawn. Logically, once withdrawn, the third party claims provision contained in the POC is rendered a nullity. The following order is entered.

### ORDER

AND NOW, this 16th day of December, 2003, the petition to enforce the proof of claim is DENIED, the Liquidator is directed to allow the withdraw the proof of claim filed by Richard Ruhl.