257 So.2d 538 (1972)
Charles E. RAINEY et al., Appellants,
v.
Florine NELSON, Appellee (Two Cases).
Nos. 40738, 40739.
Supreme Court of Florida.
January 26, 1972.
Richard L. Stewart, County Atty., and Stephen Nall, Asst. County Atty., for appellants.
Tomas R. Moore, Clearwater, for appellee.
*539 DEKLE, Justice.
This cause is before us on direct appeal from a final judgment of the Circuit Court of Pinellas County declaring Fla. Stat. § 193.461, F.S.A. (formerly 193.201) unconstitutional on its face. Fla. Const. art. V, § 4(2), F.S.A. We reverse.
In 1969 appellee filed an application with the Agricultural Zoning Board of Pinellas County for agricultural zoning of her property located within the county, under § 193.461. After public hearing the application was denied. Appellee's 1970 application was likewise denied, whereupon appellee filed a complaint for injunction and other relief against both denials in the circuit court. The trial court ultimately entered a final judgment declaring subsection 4(b) of § 193.461 unconstitutional on its face and ordering that appellee's property be designated as agricultural for ad valorem tax purposes for the years 1969 and 1970. This appeal followed.
The sole question before this Court is the constitutionality vel non of § 193.461. It is undisputed that (1) the property in question is being used for agricultural purposes, and (2) there is contiguous urban development on two or more sides.
That portion of the statute in question reads as follows:
"(2) The county agricultural zoning board, in order to promote and assist a more orderly growth and expansion of urban and metropolitan areas, shall on an annual basis zone all lands within the county as either agricultural or nonagricultural.
* * * * * *
"(4) (b) The board may also reclassify lands zoned as agricultural as nonagricultural when there is contiguous urban or metropolitan development on two or more sides and when the board finds that the continued use of such lands for agricultural purposes will act as a deterrent to the timely and orderly expansion of the community."
The statute sets up a scheme whereby lands used primarily for agricultural purposes are given a special tax break. This special treatment is authorized by Fla. Const. art. VII, § 4(a):
"Agricultural land or land used exclusively for non-commercial recreational purposes may be classified by general law and assessed solely on the basis of character or use."
Pursuant to this constitutional provision and under the authority of the general police power of the state, the Legislature chose to enact a system whereby the conflicting agricultural and urban interests would be balanced to assure an orderly development of the community. This exercise of power is challenged as a denial of due process.
This Court recently held in Pacheco v. Pacheco, 246 So.2d 778 (Fla. 1971), that since there was no common law "right" to alimony, the legislative denial of alimony to an adulterous wife was not a deprivation of a property right. Likewise, in the present case there is no deprivation of a property right in denying special tax treatment to this property owner since there is no "right" to the special treatment in the first instance. The only potential constitutional question here involves an equal protection issue, which can only be satisfied upon the showing of a valid exercise of the state's police power. Whether equal protection has been denied must necessarily depend on whether the legislative classification is reasonably expedient for the protection of the public safety, welfare, health or morals. Eelbeck Milling Co. v. Mayo, 86 So.2d 438 (Fla. 1956); Larson v. Lesser, 106 So.2d 188 (Fla. 1958).
The police power of a state:
"... embraces its whole system of internal regulation, by which the State seeks not only to preserve the public order and to prevent offenses against the State, but also to establish for the intercourse *540 of citizen with citizen those rules of good manners and good neighborhood which are calculated to prevent a conflict of rights, and to insure to each the uninterrupted enjoyment of his own so far as is reasonably consistent with a like enjoyment of rights by others." Cooley, Constitutional Limitations, (8th ed.), p. 1223.
Under these guidelines it becomes apparent that this is a valid exercise of the police power by the Legislature under the authority provided for such action in our Constitution.[1] The protection afforded is equal under the law and there is a proper legislative classification, thus meeting the requirements for constitutional validity. We therefore hold that § 193.461(4) (b) is a valid exercise of the state's police power and in no way deprives appellee of equal protection or due process of law. Nor are the terms of the statute vague and uncertain.
It would indeed be a paradox for us to deny to the Legislature the power to tax at the normal rate those lands which act as a deterrent to the timely and orderly expansion of the community. The appellee would put us in the contradictory position of rewarding with special tax treatment those lands which have ceased to serve the best interests of the community.
It should be emphasized that we are not concerned here with a use restriction which would deprive the property owner of the right to engage in agricultural pursuits. This is merely a tax rate question. Regardless of what rate of taxation is applied to the property, the property owner may continue to engage in agricultural pursuits subject of course to any zoning change.
Appellee's claim that application of the non-agricultural tax rate amounts to a forced sale and thus is a "taking" is totally without merit. An owner's relative worth and thus his ability to pay the tax will not invalidate an otherwise valid tax.
It might be noted that the statute in question requires the coexistence of two factors before the Agricultural Zoning Board may reclassify lands zoned as agricultural as non-agricultural: (1) there must be contiguous urban or metropolitan development on two or more sides, and (2) the Board must find that the continued use of such lands for agricultural purposes will act as a deterrent to the timely and orderly expansion of the community. Appellee asserts, and we are unable to find anything to the contrary in the record before us, that the second of the above two elements was not satisfied in the present case. This issue is not now before us. Inasmuch as the trial judge directed his final judgment solely to the constitutionality of the statute, he did not reach this issue which remains for consideration by the trial judge upon remand.
For the reasons stated above, the Order of the circuit court is hereby reversed and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.
ERVIN, CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.
ROBERTS, C.J., dissents.
NOTES
[1] Fla. Const. art. VII, § 4(a).