KEHOE, Judge.
Appellants bring these consolidated appeals from two summary final judgments entered by the trial court upholding the *743 denial by appellees of agricultural classification for ad valorem tax purposes of appellants’ property. In our opinion, the judgments were properly entered; therefore, they are affirmed.
Appellants’ property, as of January 1, 1974, was being used for agricultural purposes. However, during 1973 appellants sought and obtained rezoning of the property from agricultural to R-3-5 (multiple family district). The new zoning permits buildings of unlimited height containing 32 units per acre. When appellants requested an agricultural classification of their property for ad valorem tax purposes, their requests were denied pursuant to Section 193.461(4)(a), Florida Statutes (1972).
The common denominator of appellants’ points on appeal is that the trial court erred in upholding the denials of agricultural classification for ad valorem tax purposes of their property, even though they had requested and obtained, subsequent to the enactment of Section 193.461(4)(a), Florida Statutes (1972), a rezoning of the property for nonagricultural use. This Section provides in pertinent part as follows:
“ * * * The assessor shall reclassify the following lands as nonagricultural:
(3) Land that has been zoned to a non-agricultural use at the request of the owner subsequent to the enactment of this law;”
Based on this statutory provision and the facts in the appeals sub judice, we agree with the trial court that appellants’ requests for agricultural classification of their property for ad valorem tax purposes were properly denied. See Jar Corporation v. Culbertson, 246 So.2d 144 (Fla.3d DCA 1971); and Haines v. St. Petersburg Methodist Home, Inc., 173 So.2d 176 (Fla.2d DCA 1965). Further, we have considered the other points raised on appeal and conclude that they are without merit. Accordingly, the summary final judgments appealed are affirmed.
Affirmed.