366 So.2d 1173 (1979)
HARBOR VENTURES, INC., etc., et al., Plaintiffs-Appellants,
v.
Robert C. HUTCHES et al., Defendants-Appellees.
No. 53659.
Supreme Court of Florida.
January 18, 1979.
David K. Deitrich, of Dye, Cleary, Scott, Deitrich & Price, Bradenton, for plaintiffs-appellants.
Robert E. Knowles and Clifford L. Walters, III of Knowles, Blalock, Coleman & Landers; and E.N. Fay, Jr., of Mann & Fay, Bradenton, for defendants-appellees.
HATCHETT, Justice.
We are asked to determine whether section 193.461(4)(a)3., Florida Statutes (1973), is unconstitutional because it sets up an irrebuttable presumption that land rezoned non-agricultural at the request of its owners will not be used for a bona fide agricultural purpose. Exercising jurisdiction under article V, section 3(b)(1), Florida Constitution, we decline to address the constitutional question and find the statute inapplicable to the facts of this case because the zoning change was from one non-agricultural use to another non-agricultural use.
In 1973, appellants, Harbor Ventures, Inc. and others, owned land in the unincorporated area of Manatee County. The land was zoned R-1AA (non-agricultural). Agricultural use of land in a non-agriculturally zoned district is permitted by an exception granted by the County Commissioners of Manatee County. The appellants' property was classified and assessed as agricultural in 1973. On December 18, 1973, the land was rezoned at the request of its owner to a use classification of planned unit development (PUD) (non-agricultural). In a timely manner and in accordance with all existing laws, appellants sought agricultural classification and assessment for 1974. The request was denied by the appellees, the Property Appraiser for Manatee County and other county officials. After exhausting administrative remedies, appellants instituted this action in the circuit court seeking declaratory relief.
The facts in this case are undisputed. As of January 1, 1974, the land which is the subject of this suit was being used in the same manner as it was being used on January 1, 1973. The sole reason for the denial of agricultural classification and assessment was the rezoning of the land at the request of its owners. Because of the denial of the *1174 agricultural classification and assessment, appellants' land was assessed at a higher value than adjacent land devoted to the same use.
Appellants attack section 193.461(4)(a)3., Florida Statutes (1973), alleging that it denies equal protection of the laws as guaranteed by the fourteenth amendment to the Constitution of the United States and article I, section 2 of the Florida Constitution. The trial judge upheld the constitutionality of the statute.
We must initially determine whether section 193.461(4)(a)3, Florida Statutes (1973), applies where land is rezoned from one non-agricultural use to another non-agricultural use. If the statute applies, we must address the constitutional question.
Article VII, section 4(a) of the Florida Constitution provides:
Section 4. Taxation; assessments 
By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation, provided:
(a) Agricultural land or land used exclusively for non-commercial recreational purposes may be classified by general law and assessed solely on the basis of character or use. [Emphasis added.]
In interpreting these provisions, we have held that the policy of the Greenbelt law and its 1972 amendments is to promote agricultural use of land.
Section 193.461(4)(a)3., Florida Statutes (1973), provides:
The assessor shall reclassify the following lands as nonagricultural: ... 3. Land that has been zoned to a nonagricultural use at the request of the owner subsequent to the enactment of this law... .
Considering the stated purpose of the Greenbelt law and our adherence to the actual use test, we find that the legislature intended to limit application of this statute to those cases where land is rezoned from an agricultural use to a non-agricultural use at the owner's request. Such an interpretation provides an incentive for agricultural lands to remain devoted to agricultural production by discouraging speculative rezoning. Such speculative rezoning must have been viewed by the legislature as a first step toward non-agricultural use. The legislature could not have intended to deny the benefits of the Greenbelt law where a clear bona fide commercial agricultural use was being made of land that was rezoned from one non-agricultural use to another non-agricultural use.
We believe this interpretation is in compliance with our duty to construe tax statutes in favor of taxpayers where an ambiguity may exist. Maas Brothers Inc. v. Dickinson, 195 So.2d 193 (Fla. 1967); Leadership Housing, Inc. v. Department of Revenue, 336 So.2d 1239 (Fla. 4th DCA 1976).
We hold that section 193.461(4)(a)3. applies only to those situtations where land zoned agricultural is changed to a non-agricultural zoning at the request of its owner. In light of this disposition, we need not reach the constitutional issue.
Accordingly, the trial court is reversed and the case remanded to that court for further action consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
It seems to me that the majority opinion in effect rewrites section 193.461(4)(a)(3), Florida Statutes (1973), in order to avoid the constitutional issue. The statutory words are clear, however, and the strained construction utilized by the majority is beyond this Court's power. I would meet directly the constitutional challenge.
To reach the result obtained by the majority it is necessary to construe the legislative intent to require reclassification only when the zoning change is from agricultural to non-agricultural. This conflicts with the clear language of the statute. The law *1175 provides for reclassification when zoning is changed, at the request of the owner, to a non-agricultural use and it makes no reference to the type of zoning from which the change is made.
The majority is correct in stating that this Court has in the past held that actual use should be the basic test in interpreting the provisions of the greenbelt law. In Straughn v. K & K Land Management, Inc., 326 So.2d 421 (Fla. 1976), the issue was whether the rebuttable presumption established by Section 193.461(4)(c), Florida Statutes (1973) was reasonable in view of the policy objectives of the statute.
It should be noted, however, that the statutory provision at issue here is not a legislative presumption. It is a clear legislative directive to the property appraisers of the state. If the greenbelt law and the decisions interpreting it have established actual use of land as the general test for entitlement to the agricultural assessment, then clearly section 193.461(4)(a)(3) constitutes a legislatively-mandated exception to that test. For the enactment directs that the preferential tax treatment be denied upon the happening of an event, regardless of actual use. Lauderdale v. Blake, 351 So.2d 742 (Fla. 3d DCA 1977); 1976 Op. Atty.Gen.Fla. 076-162 (Aug. 11, 1976). The question before us, then, is whether this statutory exception denies due process or the equal protection of the laws.
The Constitution mandates that all property is to be assessed for ad valorem taxation at a "just valuation." Art. VII, § 4, Fla. Const. This Court has declared that these words mean assessment at fair market value. Walter v. Schuler, 176 So.2d 81 (Fla. 1965). So, there is a general mandate for all property to be assessed for ad valorem tax purposes at the amount a purchaser willing but not obliged to buy, would pay to a seller willing but not obliged to sell. The Constitution authorizes a more favorable treatment for agricultural land, Art. VII, § 4(a), Fla. Const., but the constitutional language is permissive only, so that the assessment of agricultural land is a policy matter. Straughn v. Tuck, 354 So.2d 368 (Fla. 1978).
We have said that the "reduced taxation for farmland is based on a legislative determination that agriculture cannot reasonably be expected to withstand the tax burden of the highest and best use to which such land might be put." Straughn v. K & K Management, Inc., above, at 424. Viewed differently, the lower assessment for agricultural land is an indirect subsidy to agriculture. Agriculture is one of the leading industries of our state, and the precious commodities it produces bring high prices in the marketplace. Nevertheless, the Legislature in its wisdom has determined to promote agriculture by partially insulating it from the pressures of encroaching and competing land uses and the increases in market value associated with a rapidly developing state and region.
The legislative policy of giving preferential tax treatment to agricultural lands does not create any right in the owner to receive the preferential treatment. Its denial does not violate any personal or property right. Rainey v. Nelson, 257 So.2d 538 (Fla. 1972). Therefore the issue is whether the legislative enactment and the classification it establishes are rationally related to some permissible state objective.
As the majority opinion recognizes, "speculative rezoning must have been viewed by the Legislature as a first step toward nona-gricultural use." It is just as reasonable, however, to view a change of zoning from one non-agricultural classification to planned unit development as the precursor to a change in actual use as it is to so view a change from agricultural zoning to non-agricultural zoning. Administrative convenience in the task assigned to the property appraisers of the state is served by the enactment. The legislative directive is rationally related to the purposes of the greenbelt law.
The fact that the statutory provision sets up a classification under which some lands actually being used for agriculture will receive the favorable assessment while others will not does not violate equal protection. If we can conceive of any basis of justification *1176 for the classification made, we must hold that equal protection is not violated. Riley v. Lawson, 106 Fla. 521, 143 So. 619 (1932); Park v. Morgan, 64 Fla. 414, 60 So. 347 (1912). In establishing classifications, in which no fundamental rights or suspect classes are involved, and especially in economic matters, the Legislature need not draw lines with mathematical precision. Hughes v. Alexandria Scrap Corp., 426 U.S. 794, 813, 96 S.Ct. 2488, 2499, 49 L.Ed.2d 200, 233 (1976); Hiers v. Mitchell, 95 Fla. 345, 116 So. 81 (1928).
For the foregoing reasons, I respectfully dissent. I would hold that section 193.461(4)(a)(3) is applicable to this case and is constitutional. The judgment of the circuit court, upholding the reclassification of appellant's land, should be affirmed.