443 So.2d 120 (1983)
FLORIDA S & L SERVICES, Inc., Appellant,
v.
DEPARTMENT OF REVENUE, Appellee.
No. AQ-24.
District Court of Appeal of Florida, First District.
November 16, 1983.
*121 Barrett G. Johnson, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Linda Lettera, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Florida S & L Services, Inc. (S & L) appeals from a declaratory statement issued by the Department of Revenue (DOR) holding that charges for intrastate private telephone line services provided by S & L to its customers are subject to the Florida sales tax provided by Section 212.05(5), Florida Statutes (1979), now Section 212.05(1)(e), Florida Statutes (Supp. 1982). We reverse.
S & L is a corporation engaged in the furnishing of computer information to various financial institutions located around the state. The information is transmitted by means of a number of intrastate private telephone lines provided by Southern Bell.
In response to an inquiry by a Southern Bell official, the DOR notified Southern Bell that the intrastate private line services that it provided to S & L were subject to the Florida sales tax pursuant to Section 212.05(1)(e) and Rule 12A-1.46(1), Florida Administrative Code. Southern Bell subsequently began including the amount of this tax in its bills to S & L.
S & L then filed a petition for a declaratory statement from the DOR, seeking a determination of the taxability of this private line telephone service resulting in the declaratory statement appealed.
Section 212.05(1)(e) provides, in pertinent part:
It is hereby declared to be the legislative intent that every person is exercising a taxable privilege who ... furnishes any of the ... services taxable under this chapter... .
... .
(e) At the rate of 5 percent on charges for ... long distance telephone calls beginning and terminating in this state; on recurring charges to regular subscribers for local telephone services;
... .
Rule 12A-1.46(1) provides, in pertinent part:
Charges for ... long distance telephone calls, beginning and terminating in the state, and recurring charges to regular subscribers for local telephone services, including ... charges for intrastate wide-area telephone service (WATS), are taxable....
Prior to the enactment of Section 212.05(1)(e), all communication services were exempt from the Florida sales tax. Pursuant to Section 212.05(1)(e), the Florida Legislature eliminated the exemption of all communication services and provided for the imposition of Florida sales tax upon the communication services specifically enumerated in the section. Attorney General Opinion 068-62, 1967-1968 Florida Attorney General Biennial Report 260.
The Attorney General's opinion further states:
This is a taxing Statute with a penal provision. This means that the statute must be strictly construed against the taxing power and in favor of the taxpayer. Lovett v. Lee, 141 Fla. 395, 193 So. *122 538. All doubts and ambiguities are resolved in favor of the taxpayer. Taxes cannot be imposed except in clear, unequivocal language. Taxation by implication does not exist.
The language of Section 212.05(1)(e) is clear on its face. The DOR's interpretation contravenes the plain language of the statute.
The legislature did not tax all communication services. It taxed only those specifically enumerated in the statute. These are: (1) recurring charges to regular subscribers for local telephone service; and (2) charges for long distance calls originating and terminating in this state. Nowhere in Section 212.05(1)(e) is there a tax imposed on private lines.
Section 212.05(1)(e) is a taxing statute with a penal provision. It must be strictly construed against the taxing power and in favor of the taxpayer.
Private lines are not a local service. Obviously, a private line from Orlando to another Florida town cannot be characterized as local telephone service. Nor can private lines be characterized as long distance calls. The telephone company bases its charges for long distance calls on the time taken by the calls, the time of day the calls are placed, and the distance between the originating and terminating points. Private lines are not measured. Therefore, private lines are not subject to the sales tax.
Immediately after passage of Section 212.05 in 1968, the DOR promulgated Rule 12A-1.46. Pursuant to that rule, it is the DOR's position that WATS line services are subject to the sales tax. It argues that private lines and WATS lines are so similar that private lines are covered by this rule.
This argument is fallacious. Taxes cannot be imposed except in clear and unequivocal language. Taxation by implication is not permitted.
The charge for WATS lines is recurring, but the charge is not for local service. WATS is a long distance service which is not measured. The flat rate for WATS is a monthly recurring charge for service which is the same whether or not messages are transmitted. But private lines service is neither a local service nor a long distance call for which a charge is made; therefore, it is not subject to the sales tax.
Both private lines and WATS existed in 1968. The legislature is presumed to have known of their existence. The legislature could have simply omitted the word local from the statute and thereby taxed recurring charges of whatever nature. The legislature did not do this, and that choice of wording must be given effect.
Taxing statutes are construed against the taxing power. Charges for private lines are neither "recurring charges to regular subscribers for local telephone service" nor "long distance calls" and are therefore not subject to the tax imposed by Section 212.05(1)(e), Florida Statutes.
Although other issues have been raised, it is unnecessary that we address them because of this ruling.
REVERSED.
ERVIN, C.J., and LARRY G. SMITH, J., concur.