The Honorable Carl Ogden Chairman Committee on Finance and Taxation Florida House of Representatives 202 House Office Building Tallahassee, Florida 32301
Dear Representative Ogden:
This is in response to your request, in your capacity as Chairman of the House of Representatives' Committee on Finance and Taxation, for an opinion on substantially the following question:
 IS THE JACKSONVILLE TRANSPORTATION AUTHORITY (CREATED PURSUANT TO CHAPTER 349, F.S.) "ESTABLISHED" AS A METROPOLITAN TRANSPORTATION AUTHORITY, AND THEREBY AUTHORIZED TO LEVY, UPON APPROVAL BY REFERENDUM, A MOTOR FUEL AND AN AD VALOREM TAX PURSUANT TO PART VI, CHAPTER 163, F.S.?
The "Metropolitan Transportation Authority Act," contained in Part VI, Ch. 163, F.S. (ss. 163.801-163.819) was enacted into law by Ch. 85-180, Laws of Florida. See, s. 82 of Ch. 85-180. Your letter states that the 1985 law establishes a mechanism for increased coordination and funding of transportation needs in congested urban areas of the state. Your letter asks if further legislation is needed in order for the Jacksonville Transportation Authority (hereinafter "JTA") to become a metropolitan transportation authority (hereinafter "authority") with all the taxing and other powers granted to such an authority by Part VI, of Ch. 163, F.S. See, ss. 163.806, 163.807 and 163.8075, F.S. Your letter alludes to s. 163.819, F.S., as support for the proposition that the JTA has become, and possesses the powers of, an authority as defined by s. 163.803(2), F.S.
For the following reasons, it is my opinion that your question should be answered in the negative.
Section 163.819, F.S., provides: "Notwithstanding any other provision of this part, any county within a metropolitan planning organization in which the Jacksonville Transportation Authority is located may contract with the authority in said metropolitan planning organization for said authority to do in such county anything that the authority is empowered to do." (e.s.) Section 163.803(2), F.S., defines the word "authority" as used in Part VI of Ch. 163, F.S., as "a metropolitan transportation authority created pursuant to this part." (e.s.) See, s. 163.804(1), F.S., providing that "[i]n each metropolitan planning organization, [as defined in s. 163.803(5), F.S.] there is hereby created a local governmental body as a public body corporate and politic to be known as the `______________ Metropolitan Transportation Authority'. . . ." Throughout Ch. 163, Part VI, the term "the authority" is used with that specialized and specific meaning in mind. See, e.g., ss. 163.804 (providing for the creation of a metropolitan transportation authority and the membership thereon), 163.805 (providing for adoption of regional ground transportation plans), 163.806, 163.807, F.S. In contrast, the JTA was created and established pursuant to Ch. 349, F.S., the Jacksonville Transportation Authority Law, which prescribes with particularity the JTA's purpose, powers, duties and responsibilities. See, s.349.03, F.S., which creates the JTA, that section last amended by Ch. 85-263, Laws of Florida. Section 163.816, F.S., also evinces a legislative intent that the JTA is not an authority for purposes of Part VI of Ch. 163: See, subsection (2) of s. 163.816 (an authority is not successor in interest to any transit authority expressly created by general law, such as the JTA); subsection (3) (an authority has no jurisdiction over "the transit authority created in chapter 349, . . ."). See also, s. 163.817, F.S. (again distinguishing between an authority and the JTA); s. 163.818(5), F.S. The above referenced statutes indicate that an authority and the JTA should be considered separate and distinct entities.
The dependent adverbial clause which contains the reference to the JTA in s. 163.819, F.S., seems to modify the phrase "any county;" the powers of the JTA, or its status, vel non, as an authority do not appear to be addressed by s. 163.819. It is my view that the statutory definition of "authority" set forth in s. 163.803(2), F.S., should be applied to the construction of s. 163.819 to the effect that the phrases "with the authority," "for said authority," and "the authority" all refer to a Part VI, Ch. 163 authority, and not to the JTA. Moreover, there is no express or implied grant of taxing authority contained in the statute. The language employed in s. 163.819 does not, in my opinion, evince a legislative intent to vest taxing authority in the JTA. Cf., Florida S L Services v. Department of Revenue, 443 So.2d 120 (1 D.C.A. Fla., 1983) (taxing statutes are construed against the entity claiming taxing power, and taxation by implication is not permitted); AGO 68-62, 1967-1968 Biennial Report of Attorney General, p. 260; Lovett v. Lee, 193 So. 538 (Fla. 1940).
Therefore, it is my opinion, that the JTA is not an authority for purposes of Part VI of Ch. 163, F.S., and further, that remedial legislation is necessary in order for the JTA to possess the taxing powers of such an authority.
In summary, it is my opinion, until legislatively or judicially determined otherwise, that the Jacksonville Transportation Authority has not been "established" as a metropolitan transportation authority and is therefore not authorized to exercise the taxing powers granted to metropolitan transportation authorities by Part VI of Ch. 163, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General