571 So.2d 1364 (1990)
FLORIDA HI-LIFT, Appellant,
v.
DEPARTMENT OF REVENUE, Appellee.
No. 89-1947.
District Court of Appeal of Florida, First District.
December 10, 1990.
Rehearing Denied January 16, 1991.
*1365 Richard C. Bellak and Hala Mary Ayoub of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Lealand L. McCharen and Lee R. Rohe, Asst. Attys. Gen., Tallahassee, for appellee.
Benjamin K. Phipps, Tallahassee, for Heede Southeast, Inc., Amicus Curiae.
BOOTH, Judge.
This cause is before us on appeal from an order of the Department of Revenue (DOR) upholding the assessment of tax on pickup and delivery charges on rental equipment.
The facts, as found by the hearing officer and adopted by DOR, are as follows:
Florida Hi-Lift, Petitioner, is in the business of selling, leasing, repairing and transporting aerial lift equipment.
Petitioner enters into rental agreements with customers who rent specific equipment F.O.B. Petitioner's location.
The lease agreement sets a fixed price for the rental of the equipment and allows the customer to pick up the equipment with the customer's own conveyance, hire a carrier to pick up the equipment, or request the equipment be picked up and delivered by Petitioner's conveyance. The customer pays for the transportation of the equipment by whichever method of transportation is selected. The rental charge is unaffected by the mode of transportation selected by the lessee.
Petitioner charged the customer sales tax on the rental of the equipment but not on the charges for transporting the equipment with Petitioner's conveyances.
The audit here involved covers the period February 1, 1984 through January 31, 1987 and assesses a total tax, penalty and interest through September 11, 1987 of $23,727.59 with interest at $5.29 per day until paid (Exhibit 2). The major portion of this tax and the only part contested herein is assessed on Petitioner's charges to its lessees for transportation of the equipment.
The equipment rental contract/invoice (Exhibit 9) under charges lists Options, Damage Waiver nine per cent, Fuel, Delivery Pickup, and Other, with tax which Petitioner computed only on the rental charge for the equipment.
The Damage Waiver charge of nine percent was based on the rental price but no evidence was submitted regarding the basis for this charge. Regardless, no sales tax was added to this charge and a sales tax on this charge is not an issue.
Petitioner's sole witness, the auditor who initially assessed the sales tax on the transportation charge, testified that his decision to assess sales tax for this charge was influenced by the fact that charges for leasing and transportation were included on the same invoice.
Petitioner has a separate liability policy to cover equipment being transported on Petitioner's vehicles apart from the coverage of the equipment while not in transit.
The hearing officer recommended that the sales tax assessment on transportation services provided by Florida Hi-Lift to its lessees during the period of February 1, 1984 through January 31, 1987, be withdrawn. The recommended order quotes *1366 Section 212.05, Florida Statutes (1985),[1] which provides for a five-percent tax on the lease or rental price paid by a lessee or rentee to the owner of the tangible property, and cites Rule 12A-1.045(2) and (3), Florida Administrative Code, which provides:
(2) If the seller contracts to sell tangible personal property f.o.b. origin, the title to the property passes to the buyer and the buyer pays the transportation charges, the transportation services are rendered to the buyer and are not a part of the taxable selling price. However, where the transportation charges are billed by the seller but documentation is inadequate to establish the point at which title passed to the buyer, such charges shall be considered a part of the taxable selling price.
(3) When the purchaser of taxable tangible personal property pays delivery or transportation charges thereon direct to the carrier and does not deduct same from the amount due the seller, such delivery or transportation charges are exempt.
In his conclusions of law, the hearing officer held:
Here there is no dispute that the terms of the lease provide that the lease is f.o.b. lessor's premises and, therefore, possession is transferred to lessor's place of business. When the lessee contracts with the Petitioner to transport the leased equipment to lessee's job site, Petitioner is performing the service as a contract carrier employed by the lessee who at this point in time is the shipper.
The fact that the Petitioner is performing two roles tends to muddy the waters unless these roles are kept separate. As lessor he transfers possession of the equipment at lessor's place of business to the lessee who then contracts with Petitioner to transport the equipment to lessee's job site. During this transportation period the lessee has responsibility for the safety of the equipment vis a vis the lessor and the carrier has responsibility for the safety of the equipment until it reaches it destination vis a vis the shipper. (lessee).
Petitioner maintains a separate insurance policy to protect itself from liability for damages to the equipment it is transporting in its role of carrier.
From the evidence presented it is concluded that possession of the equipment being leased is transferred to the lessee when the equipment is loaded on the carrier's vehicle at the premises of the lessor whether the carrier is Petitioner, some other carrier or the lessee. As carrier Petitioner contracts with the lessee to transport the equipment from the premises of the lessor to the site selected by the lessee. Since this transporting charge is separate and apart from the lease charges and legal possession of the property is in the lessee the minute it is loaded on the carrier's vehicle, the charges for the transportation are not subject to sales tax. This is exactly what Rule 12A-1.045(2) Florida Administrative Code above quoted states. Respondent must honor its own rules until they are amended or abrogated. Gadsden State Bank v. Lewis, 348 So.2d 343 (Fla. 1 DCA 1977).
The mere fact that Petitioner charged the lessee both rental fees and transportation fees on the same invoice is not determinative of the propriety of assessing a sales tax on the transportation charges, although this appears to have been a major factor insofar as the auditor was concerned.
DOR accepted the hearing officer's findings of fact but rejected his reasoning and conclusions. DOR ruled that appellant's pickup and delivery charges were part of the "gross proceeds" of a rental transaction and were therefore taxable pursuant to Rule 12A-1.071, Florida Administrative Code,[2] and Sections 212.05(1)(c) and (d), *1367 Florida Statutes.[3] DOR also ruled that Rule 12A-1.045, entitled "Transportation Charges," was inapplicable. The final order holds, in part, as follows:
The issue in this case involves the taxability of the pickup and delivery charges alone. (The fee for equipment rental has been taxed, the taxes having been collected by Petitioner.) The Department considers the pickup and delivery charges to be part of the "gross proceeds" of Petitioner's rental income from rental contracts through application of section 212.05(1)(c) and (d), Florida Statutes, and Rule 12A-1.071, F.A.C.
The mere fact that Petitioner charged the lessee both rental and pickup and delivery fees on the same invoice is not determinative that delivery charges were for services separately rendered to the lessee by the lessor. Nor is the fact that the pickup and delivery is separately or additionally insured. Pickup and delivery charges were considered by the Department to be part of the "total consideration that the lessee or buyer is obligated to pay."
Petitioner has failed to identify any exemption or clearly demonstrate why pickup and delivery charges for a rental operation are not part of the "gross proceeds" derived from the business of renting tangible personal property. The pickup and delivery charges are part of the contract with the lessee and the possession of the equipment does not transfer until the equipment is delivered. Nor has Petitioner demonstrated that the Department's interpretation of the statute and rule "is clearly erroneous or unauthorized."... .
It is noted that Petitioner focused upon Rule 12A-1.045 for its legal basis. This rule does not apply because it concerns itself with delivery of items in a sales transaction and the associated transportation charges. Rule 12A-1.071, not Rule 12A-1.045, applies to rental transactions. It is Rule 12A-1.071 which the Department applied to the rental contracts, including pickup and delivery charges.
We hold that the transportation charges in question were incident to a "sale," defined under Section 212.02(2)(a), Florida Statutes (1983),[4] as "any transfer of title or possession or both, exchange, barter, license, lease or rental, conditional or otherwise, in any manner or by any means whatsoever of tangible personal property for a consideration." The foregoing provision was interpreted in Richard Bertram & Co. v. Green, 132 So.2d 24, 26 (Fla. 3d DCA 1961), cert. denied, 135 So.2d 743 (Fla. 1961), appeal dismissed, 136 So.2d 343 (Fla. 1961), wherein the court held:
It is apparent from a reading of the definition of "sale" that a lease of tangible personal property is, in fact, a sale. When a statute contains a definition of a word or phrase, that meaning must be ascribed to the word or phrase whenever repeated in the same statute unless a contrary intent clearly appears.... The language of the sections involved being clear and the legislative intent determinable from the definitions given in the *1368 statute, the comptroller has no power to go outside the statutory definitions and give a different meaning to the words used in the statute, even though the comptroller's construction, in his mind, would increase the revenue of the State of Florida. [footnotes omitted]
In the instant case, the terms of the lease provide that the lease is f.o.b. lessor's premises, and therefore, possession is transferred at lessor's place of business. The customer selects the means of transportation, is responsible for the transportation charges, separate and apart from the rental price, and those charges are not deducted from the rental amount. Therefore, pursuant to Section 212.02(2)(a), Florida Statutes, and Rules 12A-1.045 and 12A-1.016, Florida Administrative Code, the transportation charges are not taxable.
We find no statutory authority for DOR's imposition of sales tax on transportation charges as part of the gross proceeds of these rental transactions. The case is not, as contended by DOR, one of the taxpayer seeking an exemption from a lawful tax, but is rather a challenge to the validity of the tax. The rule governing here requires strict construction of taxing statutes against the taxing authority. Any ambiguity in the provisions of the tax statute must be resolved in favor of the taxpayer. Mikos v. Ringling Bros.-Barnum & Bailey Combined Shows, Inc., 497 So.2d 630, 632 (Fla. 1986); Harbor Ventures, Inc. v. Hutches, 366 So.2d 1173, 1174 (Fla. 1979); Florida S & L Services, Inc. v. Department of Revenue, 443 So.2d 120, 122 (Fla. 1st DCA 1983); Indian River Orange Groves, Inc. v. Dickinson, 238 So.2d 125, 127 (Fla. 1st DCA 1970).
Accordingly, DOR's order assessing tax on appellant's transportation charges is reversed.
MINER and ALLEN, JJ., concur.
NOTES
[1] Section 212.05, Florida Statutes, was amended in 1986 and in 1987, but remains unchanged as to the issue before us.
[2] Rule 12A-1.071, Florida Administrative Code, defines "lease" to include:

(1)(a) ... [A]ny rental or license to use tangible personal property, unless a different meaning is clearly indicated by the context in which it is used. The term refers to all transactions that are not bailments in which there is a transfer of possession of tangible personal property, without regard to limitations upon the use, for a consideration, without a transfer of title to the property... .
... .
(c) For an operating lease, tax applies to the gross proceeds derived from the lease of tangible personal property for the entire term of the lease when the lessor of such property is an established business, part of an established business, or leasing tangible personal property is incidental or germane to the lessor's business... .
[3] Section 212.05, Florida Statutes, states:

(1) For the exercise of such privilege, a tax is levied on each taxable transaction or incident, which tax is due and payable as follows:
(c) At the rate of 5 percent of the gross proceeds derived from the lease or rental of tangible personal property, ... .
(d) At the rate of 5 percent of the lease or rental price paid by a lessee or rentee, or contracted or agreed to be paid by a lessee or rentee, to the owner of the tangible personal property.
[4] This statutory definition has remained unchanged and is currently Section 212.02(16)(a), Florida Statutes.