PER CURIAM.
This cause is before us on appeal from a judgment on the pleadings upholding an assessment of penalties against appellant for failure to file emergency excise tax (EET) returns for two years during which appellant owed no EET. We agree with appellee that Sections 221.04(1), 220.22(1), 214.40(2), and 214.40(4), Florida Statutes, could be read in pari materia as having required appellant to file annual EET returns, regardless of the fact that appellant owed no such tax for the two years.
Statutes imposing taxes and penalties, however, must be strictly construed against the taxing authority, and any ambiguity in the provisions of a tax statute must be resolved in favor of the taxpayer. See Mikos v. Ringling Brothers, Barnun and Bailey Combined Shows, Inc., 497 So.2d 630, 632 (Fla.1986); Florida Hi-Lift v. Department of Revenue, 571 So.2d 1364, 1368 (Fla. 1st DCA 1990); Florida S & L Services, Inc. v. Department of Revenue, 443 So.2d 120, 122 (Fla. 1st DCA 1983). Appellant should not have had to read four different subsections from three different chapters in pari materia to determine whether it would be liable for penalties for failure to file EET returns for years during which no EET was owed.[1]
The final judgment appealed from is reversed, and this cause is remanded for proceedings consistent herewith.
BOOTH and ZEHMER, JJ., concur.
*381 ERVIN, J., dissents without written opinion.

. Appellee has not directed our attention to any Florida Administrative Code provision which would be of assistance to the taxpayer in reconciling the above-referenced statutes. We are aware, however, that Section 214.40 was amended and renumbered by Chapter 91-112, Laws of Florida, effective July 1, 1991, for inclusion in Section 220.801, Florida Statutes.