PER CURIAM.
In summary, Chapter 212, Florida Statutes, The Florida Revenue Act of 1949, provides for a sales tax on the sale[1] of tangible personal property and certain other transactions but not on services. For example, if a person buys a part at an automobile parts store and takes it to a mechanic who charges for his services to install the part on a car, the vendor of the part collects sales tax on the price of the part, but the mechanic would not collect sales tax on his services for the installation. Problems begin to arise when the vendor in the sale or lease of an item charges for services relating to the object which is sold. If the vendor charges one price for the sale and installation of a part the State taxes the total charge in order to avoid the difficult practical problem of properly apportioning the one charge between the taxed cost of the part and the untaxed cost of the installation service charge.
This case involves a vendor who rents household appliances, furniture, and home entertainment products. The vendor charges (1) a late fee for the tardy return of rental property after expiration of the agreed rental term, (2) an order processing fee to recoup the cost of verifying reference information and (3) a delivery fee for the delivery of the rental property to a location away from the vendor’s (lessor’s) premises.
The State contends the vendor should collect and pay sales tax on all three items, claiming that these charges are for “services that are a part of a sale” citing section 212.02(17), Florida Statutes, which defines “sales price” as being “the total amount paid for tangible personal property, including any services that are a part of a sale_” See Richard Bertram & Co. v. Green, 132 So.2d 24 (Fla. 3d DCA 1961), cert. denied, 135 So.2d 743 (1961), appeal dis’m., 136 So.2d 343 (Fla.1961). See also, 1 Fla. State and Local Taxes, §§ 14.-01[3][b][ii][D][I] and 14.02[8] (Fla. Bar 1984).
The vendor argues that sales taxes should not be imposed on delivery charges on rental equipment where possession is transferred at the vendor’s (lessor’s) place of business and the vendee (lessee) is responsible for transportation charges separate and apart from the rental price, citing Florida Hi-Lift v. Department of Revenue, 571 So.2d 1364 (Fla. 1st DCA 1990). See also 1 Fla. State and Local Taxes, Transportation and Similar Charges, § 14.01[3][c][ii] (Fla. Bar 1984). The trial court entered summary final judgment in favor of the vendor holding that section 212.05, Florida Statutes, does not authorize the imposition of a sales tax on the late charges, the delivery charges or the order processing fees.
We hold that in the context of this problem, the proper line of demarcation is that if service charges or fees incidental to the sale or lease are imposed at the option of the vendor or lessor, those service charges or fees are a part of the “sales price” and are subject to the sales tax, but if such service charges or fees are separately itemized and applied at the sole option or election of the vendee or lessee, or can be avoided by decision or action on the part of the vendee or lessee alone, then those charges and fees are only incidental to the sale, are not part of the “sales price” and are not subject to sales tax.[2]
*722 This principle applies to the three areas of dispute in this case as follows: (1) the vendee or lessee can avoid the late charges by timely returning the rental property in accordance with the rental agreement, therefore, such late fees are not subject to sales tax;[3] (2) the vendor in this case requires verification of reference information and requires in every case an “order processing fee” to reimburse the cost of this aspect of the vendor’s business, therefore, the vendor-mandated order processing fee is, in substance, a part of the “sales price” and is subject to sales tax; (3) the vendee’s officer’s uncontradicted affidavit, considered by the trial court on summary final judgment, states that the delivery fee is not mandated by the vendor (lessor) but is provided to customers who desire that service, therefore, such delivery fees, while incidental to the “sale”, are not part of the “sales price” and are not taxable under section 212.05, Florida Statutes, and Rules 12A-1.045 and 12A-1.06, Florida Administrative Code. See Florida Hi-Lift v. Department of Revenue, 571 So.2d 1364 (Fla. 1st DCA 1990).[4]
We affirm the summary final judgment permanently enjoining the Department of Revenue from attempting to impose or collect sales taxes on the late charges and delivery charges and reverse the summary final judgment as to the injunction against imposing and collecting sales tax on the order processing fees.
We also hold that the trial court’s exercise of discretion in declining to consider depositions in opposition to the summary final judgment untimely filed on the date of the hearing was not error. See Jarrett v. Publix Supermarkets, Inc., 609 So.2d 154 (Fla. 5th DCA 1992).
AFFIRMED in part; REVERSED in part.
COWART and HARRIS, JJ., and JOHNSTON, L.V., Associate Judge, concur.

. Section 212.02(16)(a), Florida Statutes, defines "sale” as including a lease or rental.

. There is nothing illegal or immoral about a taxpayer managing his actions and transactions *722 in order to minimize or avoid taxes. The vend-ee (lessee) at his sole option, by merely not purchasing or leasing, can avoid creating the taxable event and can thereby avoid all sales tax. The decision to use or not use ancillary services can also be safely left in the consumer's power.

. There is no evidence or issue in this case that the late charges are in fact rental paid for the use of the item beyond the rental term.

. The vendor (lessor) should not have to collect sales tax on this "service” merely because he sells or leases the object when an independent firm which provides this delivery "service” is not required to collect such tax.