IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3213

VERIZON BUSINESS
PURCHASING, LLC,

      Appellant,

v.

STATE OF FLORIDA,
DEPARTMENT OF REVENUE,
A STATE AGENCY,

      Appellee.

_____/

Opinion filed June 11, 2015.

An appeal from the Circuit Court for Leon County.
Kevin J. Carroll, Judge.

Katherine E. Giddings and Kristen E. Fiore of Akerman LLP, Tallahassee; Michael J. Bowen and Peter O. Larsen of Akerman LLP, Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, and J. Clifton Cox, Special Counsel, Tallahassee, for Appellee.

LEWIS, C.J.

      Appellant, Verizon Business Purchasing, LLC, appeals the trial court's Final

Judgment entered in favor of Appellee, the Florida Department of Revenue

("Department"), and argues that the Notice of Proposed Assessment issued to it by the Department was not the final assessment contemplated in the pertinent statute of limitations. For the following reasons, we agree with Appellant and reverse the Final Judgment.

As set forth by the trial court, the Department notified Appellant in January 2007 that it was going to audit the monthly sales tax returns that Appellant had filed for the preceding three-year period, January 2004 through December 2006. The audit was commenced and, for various reasons, the parties entered into a series of agreements extending the statute of limitations time period within which the Department could issue an assessment.[1] The final extension agreement was entered into in August 2010 and provided that the new statute of limitations date for issuance of the tax assessment would be March 31, 2011. On February 8, 2011, the Department issued to Appellant a Notice of Proposed Assessment ("NOPA"), which "identifie[d] the [tax] deficiency" for the three-year period at issue. The balance due from Appellant was $3,169,168.74, plus interest. Appellant was informed that if it did not agree with the "proposed assessment," it could request a review through an

---

[1] Section 95.091(3)(a)1.b., Florida Statutes (2010), the statute of limitations at issue, provides in part that "the Department . . . may determine and **assess** the amount of any tax, penalty, or interest due under any tax enumerated in s. 72.011, which it has authority to administer" "within 3 years after the date the tax is due, any return with respect to the tax is due, or such return is filed, whichever occurs later." (Emphasis added).

informal protest, an administrative hearing, or a judicial proceeding. Appellant had until April 11, 2011, to file an informal written protest. If Appellant did not file a protest, "the proposed assessment [would] become a FINAL ASSESSMENT on 04/11/2011." The NOPA further set forth, "If you request an administrative hearing or judicial proceeding, you must file your request no later than 06/08/2011 or 60 days from the date the assessment becomes a Final Assessment." If Appellant agreed with the "proposed assessment," it could pay the balance due within sixty days from the "Notice date" by returning its payment in the enclosed envelope along with the "NOPA remittance coupon."

In September 2011, Appellant filed an amended complaint against the Department. In Count One, Appellant challenged the NOPA on statute of limitations grounds. It contended that the "sales and use tax liability asserted in the NOPA did not become an assessment until April 11, 2011," that the Department was required to issue any assessment with respect to the audit period at issue prior to March 31, 2011, and that, as a result, the "Assessment is invalid in its entirety and must be abated." As an affirmative defense, the Department argued that Count One failed to state a cause of action because the NOPA was a legal assessment as a matter of law for purposes of the statute of limitations. Both parties subsequently moved for summary judgment.

In the Order Denying Plaintiff's Motion for Summary Judgment and Granting

3

Defendant's Motion for Summary Judgment, the trial court determined that the NOPA constituted an assessment for purposes of section 95.091(3)(a). In support of its determination, the trial court cited our decision in <u>Florida Export Tobacco Co., Inc. v. Department of Revenue</u>, 510 So. 2d 936 (Fla. 1st DCA 1987), which, according to the trial court, held that an assessment for purposes of chapter 212, Florida Statutes, occurs whenever the Department communicates the amount of taxes claimed to be due and makes a demand for the taxpayer to make payment. The trial court also noted that Florida Administrative Code Rule 12-6.003 refers to a NOPA as an assessment, and it reasoned that at the time the Department issues a NOPA, it has completed its work on the audit and has fixed the amount of additional tax due. The trial court rejected Appellant's argument that section 213.21(1)(b), Florida Statutes, which provides for a tolling of the statute of limitations period for the issuance of final tax assessments when informal protest procedures are sought, establishes that the assessment contemplated in section 95.091(3)(a) is a final assessment. The trial court alternatively determined that even if the NOPA was not an assessment, only the first month of the audit period would be untimely because each month of "the taxing periods in the audit period" was extended. In other words, the "new statute of limitations date for issuance of an assessment for the first month of the audit period, January 2004, was extended by the final Extension Agreement to March 31, 2011" and the "[t]he second month of the audit period, February 2004,

4

was extended to April 30, 2011, and through all 36 months of the audit period." Thereafter, the trial court entered a Partial Final Judgment in the Department's favor as to Count One of the amended complaint, Appellant voluntarily dismissed the other two counts of its amended complaint, and the Final Judgment was entered. This appeal followed.

Summary judgment is proper when there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is reviewed de novo. Id. Statutory construction is also a question of law subject to de novo review. W. Fla. Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 8 (Fla. 2012). The polestar of statutory construction is legislative intent. Id. at 8-9. To discern legislative intent, a court must look first to the plain and obvious meaning of the statute's text, which may be discerned from a dictionary. Id. at 9. If the language of the statute is clear and unambiguous and conveys a clear and definite meaning, a court must apply the unequivocal meaning and not resort to the rules of statutory construction. Id. If, however, an ambiguity exists, a court should look to the rules of statutory construction to help interpret legislative intent, which includes the examination of a statute's legislative history and the purpose behind its enactment. Id. Statutes imposing taxes and penalties must be strictly construed against the taxing authority and any ambiguity in the provision of a tax statute must

be resolved in the taxpayer's favor. <u>Philip C. Owen, Chartered v. Dep't of Revenue</u>, 597 So. 2d 380, 380 (Fla. 1st DCA 1992).

As we explained, section 95.091(3)(a)1.b., Florida Statutes (2010), provides that the Department may "determine and **assess** the amount of any tax, penalty, or interest due under any tax enumerated in s. 72.011" "within 3 years after the date the tax is due, any return with respect to the tax is due, or such return is filed, whichever occurs later." (Emphasis added). This case presents the issue of whether the Department timely assessed Appellant for purposes of the statute of limitations when it issued the NOPA within the agreed-upon extended statute of limitations period. Appellant contends that the Department's proposed tax assessment did not constitute the assessment contemplated in section 95.091(3)(a) and that it is the date upon which a proposed assessment becomes final that must be used to ascertain whether an assessment is timely. The Department argues that the proposed assessment was the pertinent assessment for purposes of the statute of limitations. As the parties acknowledge, section 95.091 does not define the word "assess."

In support of its argument, the Department relies upon section 72.011, Florida Statutes (2010), which addresses in part the jurisdiction of circuit courts in specific tax matters. Section 72.011(1)(a) provides that a "taxpayer may contest the legality of any assessment or denial of refund of tax . . . by filing an action in circuit court; or, alternatively, the taxpayer may file a petition under the applicable provisions of

6

chapter 120." Section 72.011(2)(a) provides in part that "[a]n action may not be brought to contest an assessment of any tax, interest, or penalty assessed under a section or chapter specified in subsection (1) more than 60 days after the date the assessment becomes final." The date upon which "an assessment . . . becomes final and procedures by which a taxpayer must be notified of the assessment . . . must be established: [b]y rule adopted by the Department . . . ." § 72.011(2)(b)1., Fla. Stat. (2010). In accordance with the statute, Florida Administrative Code Rule 12-6.003 (2010), which is entitled "Protest of Notices of Proposed Assessment Issued by the Department Which Result From an Audit," provides in part how a taxpayer "may secure review of a Notice of Proposed Assessment (Assessment)." Subsection (1)(c) of the rule provides that the "Assessment becomes final for purposes of Chapter 72, F.S., upon the expiration of 60 consecutive calendar days . . . after the date of issuance on the Assessment . . . ."

As the Department contends, section 72.011(2)(a) supports its position that the Legislature contemplated both non-final and final tax assessments. Although the word "non-final" was not used in the statute, the implication is clear by virtue of the Legislature's use of the language "assessment becomes final." Nevertheless, we find that neither the language of section 72.011 nor rule 12-6.003 settles the specific matter at hand of whether the assessment contemplated in section 95.091(3)(a) is a final assessment.

As did the trial court, the Department also relies upon our decision in <u>Florida Export Tobacco Co., Inc. v. Department of Revenue</u>, 510 So. 2d 936 (Fla. 1st DCA 1987). There, the appellants were plaintiffs in a class action against the appellees, the Department and the Comptroller, who contested the legality of the Department's assessment of certain taxes and sought a refund. <u>Id.</u> at 937. The appellants appealed a summary judgment that was granted in the appellees' favor on the sole ground that the Comptroller's decision to deny a refund of the taxes in an administrative proceeding was res judicata and barred the circuit court action. <u>Id.</u> The appellants argued on appeal that the Comptroller lacked jurisdiction to adjudicate the legality of the tax assessment by reason of a constitutional provision that provided that circuit courts have exclusive jurisdiction in all cases involving the legality of any "tax assessment or toll." <u>Id.</u> at 941. The appellees disputed the appellants' contention, arguing in part that "no tax assessment is involved in this case." <u>Id.</u> In addressing this argument, we set forth:

> The Florida Statutes do not contain a definition of assessment, so we must look to the ordinary definition and usage of the term in construing the constitution and statute. . . . "Assessment" is defined as "the act of assessing" or "an amount assessed." American Heritage Dictionary, page 79 (New College Edition 1979). The word "assess" is usually defined as including:
>
> 1. To estimate the value of (property) for taxation.
>
> 2. To set or determine the amount of (a tax, fine or other payment).

8

3. To charge (a person or property) with a tax, fine, or other special payment.

*Id.* at 79. *See also* Black's Law Dictionary (5th ed. 1979); Oxford English Dictionary (Compact Ed. 1971). With the accepted definitions in mind, **we conclude that the term "assessment," as used in chapter 212, Florida Statutes, encompasses the instant situation, where a taxpayer has refused to pay a sales tax on a rental payment under chapter 212 and DOR has communicated the amount of taxes claimed to be due under that chapter and made a demand for the taxpayer to make payment**. *See* § 212.14, Fla.Stat. (1979). . . . **Accordingly, DOR's notice of tax due and demand for payment of the tax constitutes an assessment that is reviewable in circuit court**. . . .

In the present case, appellants had not paid any sales tax on the profit participation charge to Dade County, and the county had not reported any tax due thereon when it filed its returns with DOR. **DOR, therefore, "assessed" such taxes when it determined that Dade County's sales tax return was incorrect and communicated by letter to Dade County that the county was required to bill appellants for the sales taxes due on the profit participation charges, collect the taxes, and remit the collected monies to DOR.** We hold that appellants' cause of action in this case amounts to a challenge of "the legality of a tax assessment" within the meaning of article V, section 20(c)(3), Florida Constitution, and the related implementing statutes hereafter discussed.

Id. at 942-43 (emphasis added).

While we agree with the Department that Florida Export Tobacco Co. supports a broad reading of the term "assess" or "assessment" in the taxing context, we do not find our previous decision controlling in this case as we are unable to equate a proposed assessment to a demand for payment. As the Department acknowledges, a taxpayer is under no legal obligation to pay a tax assessment until the assessment becomes final. More important to our decision, the Legislature has

9

addressed in section 213.21, Florida Statutes (2010), the statute of limitations in the taxing context in terms of a "final assessment." Section 213.21(1)(a) authorizes the Department to "adopt rules for establishing informal conference procedures within the department for resolution of disputes relating to assessment of taxes, interest, and penalties and the denial of refunds, and for informal hearings . . . ." Section 213.21(1)(b) provides that the "statute of limitations upon the issuance of **final assessments** shall be tolled during the period in which the taxpayer is engaged in a procedure under this section." (Emphasis added).

In rejecting the argument that section 213.21(1)(b) supported Appellant's position, the trial court reasoned that the statute, which, according to it, "provides for a tolling of the limitations period for the issuance of 'final assessments' when certain informal procedures are sought," indicates that an assessment of taxes exists prior to the informal procedures and a final assessment. While that may be the case, the fact remains that the statute talks of a "final assessment" in terms of the tolling of the statute of limitations, which, in taxing cases, is section 95.091. Had the Legislature wished to, it could have simply used the word "assessment" in section 213.21(1)(b). The fact that it chose to qualify "assessment" with the word "final" leads us to conclude that the assessment contemplated in the statute of limitations is a final assessment. If, as the Department contends, a proposed assessment was the assessment contemplated in section 95.091(3)(a), then there would be no need for

10

section 213.21(1)(b) and the tolling of the statute pending the informal dispute or conference procedures because the necessary act for purposes of the statute of limitations, *i.e.*, the issuance of the proposed assessment, would have already occurred by the time informal procedures were invoked. See Metro. Cas. Ins. Co. v. Tepper, 2 So. 3d 209, 215 (Fla. 2009) (noting that the words in a statute should not be construed as superfluous if a reasonable construction exists and gives effect to all the words in the statute).

We also reject the Department's argument that the provision only applies in cases where taxpayers invoke informal procedures. We see no reason to conclude that a proposed assessment is the "assessment" for purposes of section 95.091(3)(a) only in cases where a taxpayer does not dispute the proposed assessment. Instead, we construe, as we must, section 95.091(3)(a) and section 213.21(1)(b) *in para materia*. See Fla. Dep't of State, Div. of Elections v. Martin, 916 So. 2d 763, 768 (Fla. 2005) (noting that pursuant to the doctrine of *in para materia*, statutes relating to the same subject or object should be construed together to harmonize the statutes and to give effect to legislative intent). Doing so leads to the conclusion that the assessment contemplated in section 95.091(3)(a) is a final assessment.[2]

---

[2] Although our conclusion is guided by the plain language of section 213.21(1)(b), the legislative history of the statute supports our conclusion. A legislative staff analysis for the bill at issue provided in part, "This section clarifies that when informal conference procedures pursuant to s. 213.21, F.S., are entered into, the period of limitation for issuing a final assessment shall be tolled for the time the

11

While the Department argues that we must give deference to its longstanding administrative interpretation that its proposed assessments qualify as the type of assessment contemplated in the statute of limitations, we disagree. Judicial deference does not require that courts adopt an agency's interpretation of a statute when the agency's interpretation cannot be reconciled with the plain language of the statute. See Kessler v. Dep't of Mgmt. Servs., Div. of State Grp. Ins., 17 So. 3d 759, 762 (Fla. 1st DCA 2009). Moreover, as we stated, statutes imposing taxes and penalties must be strictly construed against the taxing authority, and any ambiguity in the provision of a tax statute must be resolved in the taxpayer's favor. See Philip C. Owen, Chartered, 597 So. 2d at 380.

We further reject the Department's argument that our conclusion will in some way impede or delay a taxpayer's right to protest a proposed assessment. Had the Department issued the NOPA in this case sixty days prior to the agreed-upon extended statute of limitations date of March 31, 2011, the proposed assessment would have become final, without an informal protest, within the statute of limitations period, and no timeliness challenge could have been made by Appellant. Had Appellant informally challenged the proposed assessment, the statute of limitations would have been tolled pursuant to section 213.21(1)(b). We, thus, find

taxpayer is in conference." Fla. S. Comm. on Fin. & Tax'n, CS/SB 1176 (1985) Staff Analysis (May 13, 1985).

no merit in the Department's contention that taxpayers' rights will be negatively affected by our decision in this case.

In reaching our conclusion, we are cognizant of the fact that section 220.705, Florida Statutes, which addresses corporate income tax, provides that "[n]o deficiency shall be assessed with respect to a taxable year for which a return was filed unless a notice of deficiency for such year was issued not later than the date prescribed in s. 95.091(3)." Both parties and the trial court likened a notice of deficiency in the corporate income tax context to a NOPA in the sales and use tax context. However, in light of section 213.21(1)(b), we find the Department's reliance upon section 220.705 to be misplaced, and we conclude that the trial court erred in granting summary judgment in the Department's favor. We also conclude that the trial court erred in alternatively determining that the Department's assessment was untimely only as to the first month of the three-year audit period given the fact that the parties' extension agreement clearly stated that the new statute of limitations date for the entire three-year audit period was March 31, 2011.

Accordingly, we REVERSE the Final Judgment and REMAND with instructions that judgment be entered in Appellant's favor.

RAY and SWANSON, JJ., CONCUR.

13